ABIJAH J. WHITMORE v. MARY WHITMORE.

*Divorce—Alimony—Extreme cruelty—Costs.*

| 49 | 417 |
| 121 | 240 |
| 49 | 417 |
| f122 | 654 |
| 49 | 417 |
| 149 | 149 |

A motion for alimony *pendente lite* will not be entertained by the Supreme Court before the return of the appeal bond, where the wife is defendant and the decree is against her.

It is extreme cruelty warranting a divorce for a wife to causelessly humiliate and disgrace her husband and endanger his means of subsistence by habitually, persistently and publicly accusing him of infamous conduct in violation of his marriage obligations, and by applying vile and vulgar epithets to him and dogging him and setting others to spy out his movements, until by inordinate and indecent exhibitions of jealousy and the criminal indulgence of unworthy suspicions and ungoverned violence she has practically destroyed the decencies and purposes of the marriage relation.

Costs were denied the wife on affirmance of a decree for divorce obtained for good cause by her husband and appealed from by herself.

Motion for alimony *pendente lite*. Submitted and denied June 13.

*J. W. A. S. Cullen* for the motion.

*George Gartner* against.

Appeal from the Superior Court of Detroit. Submitted October 11. Decided October 31.

BILL for divorce.　Defendant appeals.　Affirmed.

*Geo. Gartner* and *Fred R. Gartner* for complainant.

*John W. A. S. Cullen* for defendant.

CAMPBELL, J.　Complainant obtained a decree of divorce against defendant on the ground of cruelty.　There was strong evidence, fully corroborated by the defendant's charges in her answer, that she had habitually and persistently treated complainant in the most offensive and opprobrious manner, accusing him in public and in private of infamous conduct in violation of his marriage obligations, and calling him by the vilest epithets vulgarly applied to persons acting habitually as she charged him to have acted.　This conduct on her part was carried on at times and places not only calculated to exasperate and humiliate him, but to publicly disgrace him and to endanger his means of subsistence.　She not only applied this kind of offensive language to him, but she dogged him personally and set other persons to pursuing him and spying out his movements, and insulted him and other persons in his presence in such a manner as nothing short of insanity could excuse.　It would not be profitable to detail this offensive matter at length.　That it amounts to extreme cruelty is beyond question, and that it had gone far enough to practically destroy all the decencies and purposes of the marriage relation is apparent.　We find no evidence that this inordinate and indecent exhibition of jealousy had any accountable basis, and it can only be treated as a criminal indulgence of unworthy suspicions and ungoverned violence.　We see no reason for reversing the decree, and we do not think the defendant should burden complainant with costs or expenses of the appeal beyond what has already been laid upon him.

The decree must be affirmed.

The other Justices concurred.