## FREDERICK MENZER v. MARGARETTA MENZER.

83  319
f149  148

### Divorce—Extreme cruelty.

A husband deeded to his wife his homestead, worth from four to five thousand dollars, and gave her all of the household furniture, which constituted the bulk of his property. For some time after his wife refused to cohabit with him, he was allowed the privilege of a room in this house, but was finally driven from it, and his wife moved to another city, and rented the homestead to strangers, which action on the part of the wife is held to be extreme cruelty.

Appeal from Genesee. (Newton, J.) Submitted on briefs October 23, 1890. Decided November 21, 1890.

Bill for divorce. Complainant appeals from decree dismissing bill. Reversed, and decree entered granting divorce on the ground of extreme cruelty. The facts are stated in the opinion.

*Frank B. Leland,* for complainant.

*Howard & Gold,* for defendant.

Morse, J. The bill of complaint in this cause was filed November 24, 1888, praying for a divorce on the grounds of extreme cruelty and desertion. Defendant answered denying the acts of cruelty and desertion charged, and alleging that the cause of their domestic unhappiness was the fault of complainant.

The parties were married in January, 1866, in California. Since 1870, the complainant has resided in Flint, Genesee county, Mich. His wife lived with him until April, 1887, but now resides in Detroit. The children of the marriage live with her. There are four of them, two sons and two daughters. At the time of the filing of the bill, they were aged, respectively, 22, 20, 14, and 10 years.

The testimony of the complainant makes a sufficient case of extreme cruelty on the part of his wife. Most of the acts charged, however, stand alone upon his evidence, without corroboration from any one. The children support the mother in her denial of cruelty to the father. To the same effect is the testimony of a domestic, a woman who lived in the family for ten or twelve years, and up to within two or three years of the separation of the parties. The circuit judge, before whom the testimony was taken in open court, refused the complainant a decree, and dismissed his bill.

One of the main charges of cruelty in the bill, we think, is sustained by the evidence. The complainant is shown to be a hard-working, industrious man, and more than generous in his expenditures for his family. His wife was inclined to be extravagant, but her wants and wishes were always gratified in the way of household expenses. The testimony of every disinterested witness shows that, ordinarily, the complainant was the most indulgent of husbands and fathers, and more so than his

means warranted. One of his sons testifies: "My father seemed to do everything he could for his family." There were quarrels between husband and wife, in which neither was blameless, but he has been more sinned against than sinning.

He erected a comfortable and substantial home upon two lots in the city of Flint, which is worth four or five thousand dollars. This he caused to be deeded to the defendant. He also gave her all the furniture therein, except his own personal belongings. This was the bulk of his property. For some time after his wife refused to cohabit with him, he was allowed the privilege of a room in this house, but finally he was driven from it. His wife moved to Detroit, and rented the homestead to strangers. It is evident also that he was not well treated for some time before he was compelled to leave the house. We think this action of the wife can be considered extreme cruelty.

One of his daughters also sent a communication to a disreputable paper at Saginaw, which was published, in relation to her father, showing a malicious spite and feeling not commendable in any child, much less in one who had been so generously and kindly treated as she had been by her father. The mother aided and abetted the daughter in this transaction. It is evident that the wife has lost all affection for her husband, and does not desire to live with him any longer. But she is determined that he shall not have a divorce, and is actuated in this determination by something more than the fact that she is a Catholic, and does not believe in divorces, which she claims is the reason of her opposition.

The decree of the court below, dismissing complainant's bill, is reversed. He will be granted a decree of absolute divorce here for extreme cruelty. No costs will be allowed

83 MICH—21.

either party. As the wife has nearly all the property, no alimony will be granted her.

CHAMPLIN, C. J., CAHILL and GRANT, JJ., concurred. LONG, J., did not sit.