## CAMPBELL *v.* CAMPBELL.

1. DIVORCE—GROUNDS—REFUSAL TO COHABIT.
   Refusal of a wife to cohabit with her husband for three years is extreme cruelty warranting a divorce.

2. SAME—CHARGES OF INFIDELITY.
   The action of a wife in repeatedly without cause accusing her husband of the offense of adultery is extreme cruelty warranting a divorce.

3. SAME—ALIMONY—DIVISION OF PROPERTY.
   Where a husband was given a divorce on the ground of extreme cruelty, and the wife was possessed of property of the value of $1,488, and the husband property of the value of $12,200, a decree allowing her to keep all her property and all the household goods, and requiring him to pay her $5,000, is not unfair to her, there being no children to support.

Appeal from Wayne; Rohnert, J. Submitted June 18, 1907. (Docket No. 112.) Decided July 1, 1907.

Bill by Henry Campbell against Sarah A. Campbell for a divorce. From a decree for complainant, defendant appeals. Affirmed.

*George X. M. Collier*, for complainant.

*Richard I. Lawson*, for defendant.

MOORE, J. The bill of complaint in this cause was filed praying for divorce on the ground of extreme cruelty.

The complainant alleges in his bill that since November 16, 1903, the defendant has absolutely refused to occupy the same sleeping room and refused to cohabit with him; that she refused to prepare his meals, attend to and care for his sleeping room, clothes, and washing; that she took up the carpet in his sleeping room, and, when requested by him to replace it, as it was uncomfortable in cold weather, replied that the bare floor was good enough

for him; that the defendant took from the complainant's bed two new blankets he had purchased to make himself comfortable, and would not let him have them; also that the defendant has frequently charged him with infidelity, without just cause, and has charged him with keeping the society of bad women.

The defendant answered, denying the acts of cruelty charged, and alleged that the cause of their domestic unhappiness was the fault of the complainant, in that the complainant has set about with deliberation to divorce the defendant. The parties were married January, A. D. 1865, in Nankin, Mich. The defendant lived with complainant as husband and wife until November 16, 1903. There were two children born to them. The case was heard in open court. The case is brought here by appeal. Some of the alleged acts of cruelty are explained by the defendant, but the record discloses that for three years defendant refused to cohabit with complainant. He testified unqualifiedly that she refused to cohabit with him. In her testimony the defendant said:

"The reason that I have not occupied the same bedroom with Mr. Campbell for the last three years is because he is not as I thought he should be."

When she gave her testimony, she then expressed a willingness to resume her marital relations with him. Refusal of cohabitation has repeatedly been held to be a ground for divorce. *Menzer* v. *Menzer*, 83 Mich. 319; *Whitaker* v. *Whitaker*, 111 Mich. 202. The testimony clearly shows that defendant repeatedly accused complainant in the presence of others with the offense of adultery. The following occurred in her examination as a witness:

"*Q.* Why did you tell Miss Stanners that he was going with bad women?

"*A.* Because I supposed he was."

The record is barren of testimony which would warrant the inference of adultery. We think the court was right

in granting the decree. See *Whitmore* v. *Whitmore,* 49 Mich. 417; *Donaldson* v. *Donaldson,* 134 Mich. 291.

Complaint is made in relation to the disposition of the property. Inventories of the property owned by the respective parties were filed. These showed the wife to have property valued at $1,488 and the husband to have property of the net value of $12,200. The decree allows defendant to keep all her property, gives her all the household furniture, and requires the husband to pay her $5,000. There are no children to be supported. We think defendant cannot complain of this division of property.

The decree is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.