## MICHAEL CASEY, Respondent, v. MARGARET CASEY, Appellant.

### St. Louis Court of Appeals, February 3, 1914.

1. **APPELLATE PRACTICE: Review of Matters of Exception: Prequisites.** Unless a motion for a new trial is filed within four days after the rendition and entry of the judgment appealed from, only the record proper is reviewable.

2. **DIVORCE: Grounds: Indignities.** In an action by a husband for divorce, the petition alleged that defendant instructed her children by a former marriage to purchase goods upon plaintiff's credit, and when plaintiff remonstrated with defendant concerning the extravagance of the children, defendant became angry and refused to speak to plaintiff; that at divers times defendant refused to cook plaintiff's meals, so that he was compelled to board away from his home; that defendant demanded that plaintiff vacate the room which he occupied at his home; that defendant was accustomed to "fly into a passion, get down on her knees and call down curses on the head of plaintiff;" that defendant refused to speak to plaintiff or live with him as his wife, unless and until he paid her large sums of money which she from time to time demanded; that defendant abused and condemned plaintiff because he refused to give her sister certain money, and that, in order to purchase peace he did give her sister certain money; that defendant "refused to speak to, live with, or cook for, or have anything to do with, plaintiff, unless he would again pay her a large sum of money, which plaintiff was unable to do, and that plaintiff was compelled to leave his home and board with his daughter;" that defendant humiliated plaintiff by stating to his children on divers occasions, "that she did not love him, but married him for what he had;" that after plaintiff left his home, for the reasons alleged, defendant refused him admission thereto, so that he was compelled to take an officer with him in order to gain admission to his home. *Held,* that the petition alleged facts sufficient to warrant a divorce on the ground of indignities.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

*James C. Dorian* for respondent.

ALLEN, J.—This is an action for divorce. Plaintiff and defendant were married on May 8, 1910. The amended petition of plaintiff, the husband, upon which the case was tried, was filed June 3, 1912. It avers that defendant offered plaintiff such indignities as to render his condition intolerable. Among other things, it is alleged, in substance, that defendant instructed her children, by a former marriage, who had been brought to plaintiff's home, to purchase goods upon plaintiff's credit; that they were extravagant in making such purchases, and that when plaintiff would remonstrate with the defendant concerning the same, defendant would become angry, "fly into a rage," and refuse to speak to plaintiff; that at divers times defendant refused to cook plaintiff's meals, so that he was compelled to board away from his home; that she demanded that plaintiff vacate the room which he occupied in his home; that she was accustomed to "fly into a passion . . . get down on her knees and call down curses on the head of plaintiff;" that she would refuse to speak to plaintiff, or live with him as his wife, unless and until plaintiff paid her large sums of money which she from time to time demanded; that in like manner she "abused and condemned" plaintiff because he refused to give her sister certain monies, and that in order to purchase peace he did give defendant's sister certain money; and that finally defendant "refused to speak to, live with, or cook for or have anything whatever to do with plaintiff unless

he would again pay her a large sum of money, which the plaintiff was unable to do,'' and that plaintiff was compelled to leave his home and board with his daughter; and that defendant humiliated plaintiff by stating to his children, on divers occasions, ''that she did not love him, but married him for what he had;'' that after plaintiff left his home, for the reasons alleged, defendant refused him admission thereto, and that he was compelled to take an officer of the law with him in order to gain admission to his home to look after some things which he had there.

The defendant filed an answer and cross-bill, denying the charges in plaintiff's petition, and averring that plaintiff had offered her such indignities as to render her condition intolerable, setting out the facts alleged to have constituted such indignities. In the state of the record before us, however, it will be unnecessary to notice in detail the allegations of the cross-bill.

The cause came on to be heard, and on June 13, 1912, the court found the facts alleged in plaintiff's petition to be true, found against defendant on her cross-bill, and entered a decree of divorce in favor of plaintiff. Though this decree was entered on June 13, 1912, the record shows that no motion for a new trial was filed until July 1, 1912. It appears that on the latter date defendant filed a motion ''to set aside the finding and judgment in the case;'' which motion was overruled. Respondent's counsel, for reasons which it is unnecessary here to state, contends that there is no bill of exceptions here. But we need not consider this question, for the reason that the record before us conclusively shows that no motion for a new trial was filed within four days after the rendition and entry of the judgment. Such being the case, there is nothing before us for review but the record proper.

The contention is made that the petition fails to state a cause of action, in failing to allege facts con-

stituting indignities under the statute. But we are unable to accede to this view. We have above set out the substance of the amended petition, and it is quite apparent that the facts therein alleged are sufficient, as indignities, to constitute a cause of action for divorce. The trial court found that the evidence sustained the allegations of the petition; and upon the state of the record before us we are concluded by such finding.

The judgment appears to be in due form.

As we perceive no error in the record proper, the judgment should be affirmed. It is so ordered. *Reynolds, P. J., and Nortoni, J.,* concur.