[No. 13863.   Department One.   August 3, 1917.]

K. E. NORDLUND, *Appellant*, v. MARIE C. NORDLUND, *Respondent.*[1]

DIVORCE — RECRIMINATION — EVIDENCE — SUFFICIENCY.   Where the wife makes no claim or proof of misconduct on the part of the husband, it is error to deny the husband's application for divorce on the ground that his conduct with a young woman employee, whom he had taken out a few times, constituted such cruelty upon his part as to deprive him of the right to complain.

DIVORCE—GROUNDS—DENIAL OF INTERCOURSE.   The wife's denial of sexual intercourse for twelve years without justification is ground for divorce, under Rem. Code, § 982, authorizing a divorce for cruel treatment or personal indignities rendering life burdensome, or for any other cause deemed by the court sufficient and the court shall be satisfied that the parties can no longer live together.

PLEADING—COMPLAINT—DEFINITENESS.   After issue joined, without moving for a more specific statement, objection to the sufficiency of a complaint on that ground cannot be made.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 1, 1916, upon granting a nonsuit, dismissing an action for divorce, tried to the court. Reversed.

*Jay C. Allen (Philip Tindall, of counsel), for appellant.*

*Saunders & Nelson, for respondent.*

MORRIS, J.—Appeal from a judgment of dismissal granted at the conclusion of appellant's case in chief.   The action is for divorce, the complaint reciting a long list of grievances upon which the decree was sought.   No more of this tale of domestic infelicity will be recited than is necessary to an understanding of the conclusions reached.   The parties are forty-six years of age and were married in December, 1894. A prior action was begun by appellant in April, 1915, which was dismissed at the suggestion of the then trial judge that the parties make another attempt to adjust their differences

[1]Reported in 166 Pac. 795.

and live harmoniously. The attempt seems to have been a failure, and this action was commenced in March, 1916. Appellant testified that respondent had frequently accused him of improper conduct with other women, had called him a "whore pimp," had accused him of associating with vile and dissolute persons, said his place of business was not respectable, that the men of his family were dissolute, that appellant had stolen money to give to his whores, and that for the past twelve years she had, without cause, refused him sexual intercourse. Other charges are made, but these are sufficient for the purpose of this opinion.

During the trial, appellant, who was a photographer, admitted that on occasions he had taken one of his female employees to a restaurant and had driven her from her home to his studio in his auto. No issue was made as to any misconduct with this young woman on the part of appellant. In fact such charge was expressly disavowed by counsel for respondent, as appears from the following reference to the record. On appellant's cross-examination, counsel for respondent inquired of him how often he had taken this young lady out in his auto, to which objection was made as not in the issues. Counsel for respondent then said: "His wife is not charging him with adultery. I believe he is an honest man, and there is no such thing as adultery in this case. I will say that now." At the close of appellant's case, the lower court dismissed his action upon the ground that appellant's conduct with this young woman was improper and constituted such cruelty as to deprive him of the right to complain of the conduct of his wife. In this we think the lower court was in error.

It is not necessary to say what conduct upon the part of a husband in associating with other women will deprive him of the right to seek a divorce from his wife. There is in this case neither allegation, claim or proof of any such misconduct. Had the wife sought a divorce because of the husband's relations with this young woman, her case would have

fallen far short of a recovery, so far as the record now stands. It may be that, if respondent had gone into her case, she might have shown far more than appellant admitted on his cross-examination, which is now all that is before us and which, in our judgment, is insufficient upon which to base any affirmative relief. Touching appellant's case irrespective of the conduct of respondent in other respects, whether sufficient or insufficient to grant the relief prayed for, there is one line of testimony sufficient to put respondent to a defense, and that is the denial of sexual intercourse for twelve years. The sexual relation between husband and wife is one of the most delicate things courts have to deal with. For this reason, the cases differ as to whether or not the marriage should be dissolved because of the refusal of sexual intercourse upon the part of either spouse. Some courts say the refusal of this privilege is only the denial of a single conjugal right, and of itself imports no cessation of cohabitation which is deemed necessary before it can be said that there has been such misconduct as to entitle the aggrieved party to a divorce. Most of these cases are based upon the wording of divorce statutes; as in Maine, where in *Stewart v. Stewart*, 78 Me. 548, 7 Atl. 473, 57 Am. Rep. 822, it was said such a denial is not "utter desertion" within the meaning of the Maine statute, though one of the judges, in a concurring opinion, says it may be cruelty. In Illinois, Florida, Iowa and Massachusetts, it has been held that such a denial is not wilful desertion. *Fritts v. Fritts*, 138 Ill. 436, 28 N. E. 1058, 32 Am. St. 156, 14 L. R. A. 685; *Prall v. Prall*, 58 Fla. 496, 50 South. 867, 26 L. R. A. (N. S.) 577; *Pfannebecker v. Pfannebecker*, 133 Iowa 425, 110 N. W. 618, 119 Am. St. 608; *Southwick v. Southwick*, 97 Mass. 327, 93 Am. Dec. 95.

In *Cowles v. Cowles*, 112 Mass. 298, it was held not to be cruelty under a statute in which cruelty must be such as to cause injury to life or health or to cause danger of such injury or cause a reasonable apprehension of such danger. Such refusal is held to be cruelty in Michigan, *Campbell v.*

*Campbell*, 149 Mich. 147, 112 N. W. 481, 119 Am. St. 660, and in Oregon, *Sisemore v. Sisemore*, 17 Ore. 542, 21 Pac. 820. Bishop supports divorce upon this ground. 2 Bishop, Marriage and Divorce, § 1682. Though all the cases do not sustain the view of the author, the citation is worthy of note as the view of an eminent student of domestic relations. Our statute, upon which our conclusion must be reached, differs from those of those states upon which divorces upon this ground have been denied. It recites that divorce may be granted upon the following cause:

"Cruel treatment of either party by the other, or personal indignities rendering life burdensome. . . .

"And a divorce may be granted upon application of either party for any other cause deemed by the court sufficient, and the court shall be satisfied that the parties can no longer live together." Rem. Code, § 982.

Under this statute, we have no hesitancy in saying that respondent's denial of sexual intercourse for twelve years without sufficient ground or cause is ground for divorce. In *Gibson v. Gibson*, 67 Wash. 474, 122 Pac. 15, the denial of sexual intercourse for six months immediately after the marriage was found as one of the facts, upon which the court based a finding of cruelty sufficient to entitle the complaining party to divorce. In the language of some of the cases, the frequency of sexual indulgence between husband and wife is more a question of conscience than of law, and for this reason the courts have not attempted to lay down any standard the violation of which would be ground for the severance of the marriage relation. While this is true, it must likewise be true that the law can say that, under a statute like ours, the denial of a desire so strongly implanted in human nature and an unquestioned marital privilege is the denial of that harmony and unity which lies at the very root of the marriage relation and tends to that which renders life burdensome and, under our statute, is a cruelty sufficient to satisfy the court that the parties can no longer live together. It may be the

respondent was justified in her denial.  If so, she should establish such justification.  Accepting appellant's testimony, as we must, we think there was enough to put respondent to a defense.

Respondent argues that the complaint is insufficient to grant appellant the relief prayed for.  As against such objection now made, or at the time of the trial, the complaint was sufficient.  It may be that, had respondent endeavored to have obtained a more specific statement of appellant's charges, such relief might have been granted.  But failing in so moving, the complaint was sufficient after issue joined. The brief of respondent in support of the judgment says:

"So the repeated attentions of the plaintiff to a young and unmarried woman at the expense of that portion of his time to which his wife and family were justly entitled assume the proportions of a sin against the marriage which he seeks to dissolve."

Whatever may be the facts, the record fails to disclose that appellant's relation with the young woman referred to was such as to charge him with "a sin against the marriage relation."  Charges of this character should be proven clearly, not intimated and suggested, and until such proof is made, appellant is entitled to such relief as the facts and law warrant.

Reversed, and remanded for further proceedings.

Ellis, C. J., Main, and Chadwick, JJ., concur.