CLARK *v.* CLARK.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.
   On a bill by a husband for divorce on ground. of extreme
   cruelty, evidence of continued and repeated charges by
   defendant of illicit relations between plaintiff and the
   widow of defendant's deceased brother, *held*, to justify
   decree for plaintiff.[1]

2. SAME—ALIMONY.
   A decree in a suit by a husband for divorce allowing de-
   fendant all of the real estate and personal property, ac-
   quired by her and plaintiff while living together as hus-
   band and wife, upon condition that she pay plaintiff $1,800
   on or before seven years with interest and with privilege
   of paying $50 or more on the principal at any time, the
   payment of such sum being secured by lien on the real
   estate, and ordering plaintiff to pay clerk's fees and court
   costs, but no other fees or costs being allowed to or
   against either party, was reasonable.

Appeal from Berrien; Bridgman, J. Submitted October 19, 1917. (Docket No. 61.) Decided December 27, 1917.

Bill by Omar Clark against Ella M. Clark for a divorce. From a decree for plaintiff, defendant appeals. Affirmed.

*Gore & Harvey,* for plaintiff.

*F. L. Hammond (I. W. Riford,* of counsel), for defendant.

STONE, J. The plaintiff was granted a decree of divorce against the defendant on the ground of extreme cruelty. The parties were married December

---

[1] On the question as to whether charges of adultery is ground for divorce, see notes in 18 L. R. A. (N. S.) 303; 34 L. R. A. (N. S.) 360.

20, 1891. The bill of complaint was filed January 7, 1914, and alleged that the principal acts of cruelty consisted of continued and repeated charges by defendant of illicit relations between the plaintiff and one Celia Franz, the widow of defendant's deceased brother during the year 1913. This woman lived with her children upon a farm adjoining that of the parties, and plaintiff worked a part of the farm of the sister-in-law during that year. Before that time the families had been somewhat intimate, but after the death of Mr. Franz, in March, 1913, and the return of Mrs. Franz to her farm, the defendant became extremely jealous of her husband, and accused him of improper relations with this sister-in-law. The bill charges many specific acts and occasions of vicious and false accusations against plaintiff by defendant made in the presence of their children, and also in the presence of the children of the sister-in-law.

The defendant answered the bill of complaint, and while she denied some of the specific charges made against her in the bill, yet in the main she sought to justify her accusations of improper relations between the plaintiff and Mrs. Franz. The parties have two children, both boys, one aged 19 and one 17 years at the time the bill was filed. There was much conflict in the testimony which was taken in open court. That on the part of the plaintiff tended to show that the defendant was insanely jealous, and openly charged plaintiff with conduct in violation of his marriage obligations, and that such charges were groundless and without foundation. The testimony on the part of defendant tended to show that plaintiff and his sister-in-law were much together, and that some of their conduct was at least suspicious, and well calculated to arouse the anger of a jealous wife. It must be said, however, that much of the testimony on behalf of defendant consisted of vague rumors and suspicion, some of

which was based on hearsay evidence. It would not be profitable to detail this evidence at length. The questions involved are purely questions of fact. It is a case where the circuit judge was in a better position (having seen the parties and witnesses, and having heard their testimony) to judge of the merits of the case than we can be. As was said by Justice MOORE in *Donaldson* v. *Donaldson,* 134 Mich. 289, 291 (96 N. W. 448, 449) :

"There are many aids possessed by the judge who hears the oral testimony in deciding who of the witnesses are truthful that do not get upon the printed page."

The case made by the plaintiff, if believed, justified the decree made at the circuit. After a careful reading of the entire record, we are not prepared to say that the circuit judge erred in granting the plaintiff a decree, but are constrained to say that the decree was justified by the evidence. We are of the opinion that the claim of the plaintiff is sustained by the following cases: *Whitmore* v. *Whitmore,* 49 Mich. 417 (13 N. W. 800) ; *Donaldson* v. *Donaldson, supra; Campbell* v. *Campbell,* 149 Mich. 147 (112 N. W. 481, 119 Am. St. Rep. 660).

We also think that the property of the parties was justly divided by the terms of the decree.

In his bill of complaint the plaintiff described the property owned by the parties, and stated its value. The defendant in her answer neither admits nor denies those allegations. Circuit Court Rule No. 25, § 2, provides that:

"* * * Every material allegation in the bill, to which the defendant shall not make answer, shall be taken as admitted by the defendant."

It appears that soon after the marriage of the parties they made their residence on 43 acres of land

which the defendant inherited from her father; that plaintiff worked said farm, and by their joint efforts the parties erected a new residence, three barns, set the fields to fruit and greatly improved the farm, so that the value increased from $1,700 to the sum of $6,000; that about the year 1903 the property was so conveyed that the parties became tenants by the entireties thereof. About 1909 the parties purchased 10 acres of land lying south of said 43 acres, and that was conveyed to them in the same manner; and the present value of said 53 acres is $7,000. The parties had acquired by their joint labors horses, cattle, farming implements, and personal property of the value of $800, and the outstanding indebtedness, on account of building and other matters, aggregated about $500.

The decree below granted to the defendant all of the real estate and personal property, upon condition that she should pay the plaintiff the sum of $1,800 on or before seven years, with interest at 5 per cent. per annum, payable semi-annually, and with the privilege of paying $50 or more on principal at any time. The payment of this sum of $1,800 was secured by a lien upon said real estate. By the terms of the decree the plaintiff was ordered to pay the clerk's fees and court costs, but no other fees or costs were allowed to or against either party.

We think that the decree was reasonable, and the same will be affirmed in all respects, and no costs will be allowed in this court to either party.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.