WAGNER *v.* WAGNER.

DIVORCE—EXTREME CRUELTY—REFUSAL TO COHABIT—DESERTION—
STATUTORY PERIOD.

> Where the parties to divorce proceedings were less than
> 20 years of age, and after less than two months of married
> life the wife returned to her parents, refusing to live with
> the husband, his bill for divorce on the ground of extreme
> cruelty in refusing to cohabit was properly denied; the
> case made being one of desertion, which has not continued
> for the statutory period.

Appeal from Kalamazoo; Weimer, J. Submitted
June 6, 1918. (Docket No. 58.) Decided September
28, 1918.

Bill by Donald Wagner against Lovina Wagner for
a divorce. From a decree dismissing the bill, plaintiff
appeals. Affirmed.

*Lincoln H. Titus,* for plaintiff.

BIRD, J. The parties to this action are young people.
They were married at Kalamazoo on October 8, 1917,
when less than 20 years of age. They lived together
in that city from the time of their marriage until
the first day of November, 1917, when defendant de-
serted the plaintiff and went to live with her relatives.
Plaintiff made an effort to get her to return but she
refused, stating at one time that Kalamazoo was too
small a town for her, and on another occasion saying
she would never live with him. Plaintiff, concluding
that it would be of no avail to make a further effort
to have her return, filed his bill for divorce through
his next friend, charging her with extreme cruelty
for her refusal to cohabit with him. Personal service
was had upon the defendant but she made no defense

See notes in 14 L. R. A. 685; 39 L. R. A. (N. S.) 1118; L. R. A.
1915B, 772.

and the bill was taken as confessed. The matter came on to be heard before the chancellor and after hearing the proofs he was of the opinion that the facts did not present a case within the definition of extreme cruelty, and therefore dismissed the bill.

Plaintiff has appealed to this court, insisting that the refusal of defendant to cohabit with him constitutes extreme cruelty within the holdings of this court, and especially within the holding of *Case* v. *Case,* 159 Mich. 491. The rule which prevails throughout most of the States is that a refusal to cohabit will not constitute extreme cruelty. There seems to be some exceptions, however, to this rule and our own cases are cited among the exceptions. An examination of the Michigan cases, however, will show that it is only after the refusal to cohabit has been persisted in for some considerable time that it will constitute extreme cruelty or when such refusal has been aggravated by other acts amounting to cruelty. *Case* v. *Case, supra; Campbell* v. *Campbell,* 149 Mich. 147 (119 Am. St. Rep. 660) ; *Whitaker* v. *Whitaker,* 111 Mich. 202; *Menzer* v. *Menzer,* 83 Mich. 319 (21 Am. St. Rep. 605) ; *Donaldson* v. *Donaldson,* 134 Mich. 291. See 9 R. C. L. p. 350.

The case of *Murnan* v. *Murnan,* 128 Mich. 680, is evidence that this court never intended to lay down a rule that a mere refusal to cohabit would amount to extreme cruelty. In this case the failure to cohabit was the only act complained of and it had been persisted in for ten months. It was insisted in this court that the case of *Whitaker* v. *Whitaker, supra,* justified the granting of a decree therein. In response to this contention it was said:

"The opinion in *Whitaker* v. *Whitaker* is a brief one and does not undertake to set out the facts disclosed by the record. In that case the defendant, during the entire period of her married life, refused to

cohabit with her husband. She insisted upon having all the privileges of a new relation without assuming its duties. No such case is here shown. We think the circuit judge properly dismissed the bill of complaint."

While no rule has been laid down by this court, how long the refusal to cohabit must be persisted in before it becomes extreme cruelty, the cases in which the principle has been applied are cases where the failure to cohabit has been persisted in for a long period of time and usually in cases where other cruelties were alleged and proven. In the instant case the parties lived together less than two months. No other cruelty is alleged. To hold that plaintiff is entitled to a decree on the ground of extreme cruelty would be doing violence to the case of *Murnan* v. *Murnan.* The case was rightly decided by the chancellor.

The decree must be affirmed.

FELLOWS, J., concurred with BIRD, J.

OSTRANDER, C. J. I think the case made is one of desertion which has not continued for the statute period. I therefore agree to affirmance of the decree.

MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred with OSTRANDER, C. J.