# CHARLESTON.

## HOMER ROUSH v. ROSA ROUSH

Submitted March 7, 1922.   Decided March 14, 1922.

1. DIVORCE—*False Charges of Adultery Against Husband Will Not Ordinarily be Deemed "Cruel or Inhuman Treatment."*

   False charges of adultery made by the wife against the husband ordinarily will not be deemed cruel or inhuman treatment, within the meaning of section 6, chapter 64 of the Code, entitling the husband to a divorce from bed and board. (p. 492).

2. SAME—*Refusal of Intercourse is not Cruelty.*

   Nor is denial of sexual intercourse cruel or inhuman treatment within the meaning of the statute.   (p. 494).

3. SAME—*On Reversal of Decree for Husband, Awarding Alimony to Wife, Supreme Court will Provide for Wife's Maintenance and Remand.*

   Where decree awards a divorce to the husband and alimony to the wife, and it appears that they are living separate and apart, this court, in reversing the decree as to the divorce, will enter a decree providing for the payment of the alimony as for the wife's maintenance upon a prayer therefor in her answer, and will remand the cause for the execution thereof.   (p. 495).

Appeal from Circuit Court, Tucker County.

Suit by Homer Roush against Rosa Roush for divorce. Judgment for plaintiff for divorce from bed and board, and awarding him the custody of their four children, and awarding the defendant $25 per month alimony, and she appeals.

*Reversed; Decree for defendant; Remanded.*

90 W. Va.

*W. K. Pritt,* for appellant.

*D. E. Cuppett,* for appellee.

MEREDITH, JUDGE:

Defendant complains of a decree granting her plaintiff husband a .divorce from bed and board, awarding him the custody of their four children, and by which decree she was awarded alimony of $25.00 per month.

This suit is based on the legal charge of cruel or inhuman treatment; numerous acts are alleged, but the two relied on by the husband are: (1) false charges by the wife of the plaintiff's adultery, and (2) denial of sexual intercourse. All allegations are denied by the wife's answer, except the one charging the plaintiff with adultery; this is admitted and reiterated in her answer.

The suit is brought under section 6, chapter 64 of the Code:

"A divorce from bed and board may be granted for cruel or inhuman treatment, reasonable apprehension of bodily hurt, abandonment, desertion, or where either party after marriage becomes a habitual drunkard. A charge of prostitution made by the husband against the wife falsely shall be deemed cruel treatment, within the meaning of this section."

It will be observed that the terms used in the statute are not defined. It does not say what shall be "cruel or inhuman" treatment, except in the one instance,—"a charge of prostitution made by the husband against the wife falsely." It does not even say that a false charge of adultery made by the husband against the wife is cruel or inhuman treatment, but it uses the word "prostitution", a very different word. We do not mean to say that such a charge when made against the wife would under no circumstances be considered cruel treatment, but it is significant that the term "prostitution" is used and not the term "adultery". We think that this statute, which in general terms enumerates grounds on which a divorce from bed and board may be granted, and in the one instance points out one spe-

cific act on the part of the husband toward the wife which shall be deemed cruel treatment and omits saying that repeated charges of adultery ·falsely made against the husband by the wife shall also be considered cruel treatment, inferentially at least negatives the idea that such false charges against the husband shall be deemed cruel treatment.

For obvious reasons a charge of adultery against the wife ordinarily is much graver than the same charge against the husband; and if such charge is falsely made by the husband, and especially so if it is malicious and unfounded, and tends to cause the wife great mental distress and to undermine her health, it is ground for divorce. But it should take much stronger· proof where the husband sues on this ground. Such a charge would affect different men differently. A gay Lothario would feel complimented; while a sensitive man of high position, good character and reputation might be subjected to great mental suffering, far beyond that which such a charge would naturally have upon the average man. But in the present case we do not think plaintiff has shown that he has been so affected. The charge does not seem to· have disturbed his standing among his neighbors and friends, nor can we say that the evidence shows that he has been caused such mental distress as would tend to undermine his health. In the case of *Maxwell* v. *Maxwell*, 69 W. Va. 414, 71 S. E. 571, it was held that in a suit for divorce from bed and board, based on cruel or inhuman treatment,·the true issue and test is whether under all the facts proven, plaintiff can with safety to person and health continue to live with defendant. And in the case of *Goff* v. *Goff*, 60 W. Va. 9, 53 S. E. 769, it was held that such treatment of the wife by the husband as produces reasonable· apprehension of personal violence, or produces mental anguish, distress and sorrow, and renders cohabitation miserable, impairing or likely to impair the wife's health or mind, is cruel and inhuman treatment under the statute. But the proof in the present case in no sense comes up to this standard. We think, so far as this charge

is concerned, the plaintiff can, with perfect safety to himself, continue to live with his wife.

There is nothing whatever in plaintiff's second alleged ground, denial of sexual intercourse; he not only failed in his proof, and even had that not been the case, under the circumstances shown, he would not be entitled to a divorce. The record shows that when the suit was instituted and for three months thereafter the parties lived together, ate at the same table, slept under the same roof and in the same bed. Not until plaintiff's attention was called to this inconsistent and strange position, while being cross-examined by defendant's counsel, in giving his deposition in this case, did he leave his wife's bed, and then simply moved into another part of the home. From the record it appears they continued to live that way up to the time of the final decree, and we would not know that they are now living separate and apart, had we not been so informed by counsel upon the oral argument of this case. But had it been clearly and positively proved that intercourse had been denied by the wife, under the circumstances shown in this case, the plaintiff would not be entitled to a divorce. Under the decisions of some states, this is considered good ground, by a few as cruelty, *Campbell* v. *Campbell,* 149 Mich. 147, 112 N. W. 481; *Sisemore* v. *Sisemore,* 17 Ore. 541, 21 P. 820; *Nordlund* v. *Nordlund,* 97 Wash. 475, 166 P. 795; by others as desertion, *Vosburg* v. *Vosburg,* 136 Cal. 195, 68 P. 694; *Graves* v. *Graves.* 88 Miss. 677, 41 So. 384; *Whitfield* v. *Whitfield,* 89 Ga. 471, 15 S. E. 543; *Evans* v. *Evans,* 93 Ky. 510, 20 S. W. 605. The great weight of authority, however, is the other way. *Platt* v. *Platt,* 38 Pa. Super. Ct. 551; *Pinnebad* v. *Pinnebad,* 134 Ga. 496, 68 S. E. 73; *Varner* v. *Varner,* 35 Tex. Civ. App. 381; *Cowles* v. *Cowles,* 112 Mass. 298; *Schoessow* v. *Schoessow,* 83 Wis. 553, 53 N. W. 856; *Underwood* v. *Underwood,* 271 Fed. 553; *Steele* v. *Steele,* 1 McArthur, (D. C.) 505; *Stewart* v. *Stewart,* 78 Me. 548, 7 Atl. 473; *Pratt* v. *Pratt,* 75 Vt. 432, 56 Atl. 86. So has this court held in the cases of *McKinney* v. *McKinney,* 77 W. Va. 58, 87 S. E. 928; *Wills* v. *Wills,* 74 W. Va. 709, 82 S. E. 1092, L. R. A. 1915B 770; and *Reynolds* v. *Rey-*

*nolds,* 68 W. Va. 15, 69 S. E. 381, Ann. Cas. 1912A 889. There might be some reason for holding otherwise, though we do not mean to say we would so hold, where such denial would defeat one of the essential objects of the marriage; but in this case the parties have four children, ranging from five to seventeen years of age, perhaps more than the number in the average family, so one of the principal objects of marriage has been attained.

The charge that the wife threatened to poison the husband is wholly unfounded. Plaintiff's conduct disproves it. He makes this charge and in the same breath complains that his wife refused to cook his meals, clearly showing that he has no fears on this ground. We have purposely refrained from detailing any of the evidence. Charge has been met with counter-charge, crimination with re-crimination; neither party is wholly free from fault, but the situation is not hopeless. The plaintiff is not entitled upon the record to a divorce. The defendant has not asked one, and she would not be entitled to it if she had; she does, however, ask for alimony, and the court allowed her $25.00 per month. In the case of *Lord* v. *Lord,* 80 W. Va. 547, 92 S. E. 749, we held that in a suit for divorce, in which the prayer for relief was denied and no divorce granted, there is no jurisdiction to alter the custody of the children, so that the decree, insofar as it grants a divorce to the plaintiff and awards the custody of the four children to him will be set aside; and upon her prayer for an allowance for her maintenance a decree will be entered here, requiring the plaintiff to pay to the defendant the sum of $25.00 per month, from the first day of January, 1921, that being the date fixed in the final decree of the circuit court, until the parties become reconciled and renew cohabitation, or the allowance becomes barred by her misconduct, or until the further order of the circuit court of Tucker county, as was done in the case of *Huff* v. *Huff,* 73 W. Va. 330, 80 S. E. 846, and upon principles announced in *Lang* v. *Lang,* 70 W. Va. 205, 73 S. E. 716, and *Vickers* v. *Vickers,* 89 W. Va. 236, 109 S. E. 234, but the sums so decreed are to be credited with whatever payments have been made by plaintiff under the decree of the circuit

court since the entry thereof, and the cause will be remanded for the execution of the decree entered in this court, and the defendant will be allowed her costs upon this appeal.

*Reversed; Decree for defendant; Remanded.*