## POWER *v.* POWER.

1. DIVORCE—EXTREME CRUELTY—PROOFS—SUFFICIENCY — HEARING IN SUPREME COURT DE NOVO.

On appeal from a decree dismissing plaintiff husband's bill for divorce on the ground of extreme cruelty, where the Supreme Court is convinced that the material allegations of the bill are true, the decree will be reversed, notwithstanding the advantage of the court below in seeing and hearing the witnesses; this court hearing the case *de novo.*

2. SAME—CONDONATION—BREACH OF CONDITIONS—REVIVAL.

The grounds for divorce in a former suit by plaintiff, which was discontinued, where reconciliation and condonation followed a property settlement, were revived by a breach of the conditions of the condonation by defendant.

3. SAME—PROPERTY SETTLEMENT IN LIEU OF DOWER.

Where the parties entered into a property settlement previous to the bringing of the suit for divorce, the

On attack on divorce decree based on condonation pending the divorce suit, see note in L. R. A. 1917B, 462.

property already given defendant will be regarded as a
provision in lieu of dower to satisfy 3 Comp. Laws 1915,
§ 11436.

Appeal from Oakland; Gillespie (Glenn C.), J.
Submitted January 24, 1922.    (Docket No. 84.)    De-
cided March 30, 1922.

Bill by Franz S. Power against Mary Power for
a divorce.    From a decree dismissing the bill, plaintiff
appeals.    Reversed, and decree entered for plaintiff.

*Peter B. Bromley* and *Andrew L. Moore,* for plain-
tiff.

*A. Floyd Blakeslee* and *Pelton & McGee,* for defend-
ant.

CLARK, J.    The bill for divorce on the ground of
extreme cruelty was answered, and, after hearing,
was dismissed.    Plaintiff has appealed.    The parties
have a son and daughter, 34 and 35 years of age,
respectively.    Plaintiff was a successful, hard work-
ing farmer in Oakland county, and, aided by defend-
ant, accumulated considerable property.    Trouble be-
gan in 1915, when, as plaintiff claims, defendant re-
fused to cohabit, and persisted in such refusal for
three years.    In 1918 he had an attorney write a letter
to her calling her attention to her duties as a wife, and
in February, 1919, he filed a bill for divorce, charging
extreme cruelty.    Soon thereafter an agreement was
signed by the parties reciting that differences had
arisen between them, that they desired to adjust these
property matters, that plaintiff had previously con-
veyed to defendant 80 acres of land, that on that day
he had conveyed to defendant and the children other
lands (110 acres) and that defendant released and
relinquished dower and all claims for alimony, ex-
penses and maintenance.    The said property at the

hearing was valued by plaintiff at $39,000. The property retained by him was in value less than one-half of such amount. Following the agreement, the parties were reconciled. Plaintiff claimed that defendant then promised to do better and said "I will promise you I will do different," and the suit was discontinued. Defendant denied making such promise, saying in her answer:

"That it was entirely up to the plaintiff as to whether or not he wished to continue the case."

The parties then went to the Pacific coast, and were gone about three months, their relations being pleasant, and returned home. Soon thereafter, plaintiff claims, defendant again refused to cohabit, left his room, and she again persisted in such refusal. Upwards of a year later he left home and filed this bill in March, 1921. The parties have lived apart since that date.

Other acts claimed as extreme cruelty are charged, such as continually ignoring him, refusing to appear in public with him, treating him as a hired man, and the use of language intended to hurt and offend.

Plaintiff's testimony supports his claims and is corroborated in some particulars by the testimony of several of his neighbors. Defendant flatly contradicted plaintiff both as to his major and minor allegations of extreme cruelty, and she is likewise supported by the testimony of other witnesses, principally the daughter, and perhaps the son. Upon the testimony alone respecting the allegations as to extreme cruelty a case of some difficulty is presented, but there are significant circumstances lending credibility to plaintiff's claims. He caused a letter to be sent to defendant in 1918 seeking a betterment of their relations. He filed a bill for divorce in 1919 on similar grounds of extreme cruelty. He gave to defend-

ant and the children the bulk of his property, and later returned to and lived in a house he did not own. He took defendant on an extensive trip for pleasure. He bought her presents. But March, 1921, finds him back in court with substantially the same complaints. We are mindful of the advantage of the trial judge in seeing the witnesses and hearing their testimony and we have given his opinion due consideration. But we hear the case *de novo*. We think the material allegations of the bill are true and that plaintiff should have decree. See *Menzer* v. *Menzer*, 83 Mich. 319 (21 Am. St. Rep. 605) ; *Case* v. *Case*, 159 Mich. 491 ; *Campbell* v. *Campbell*, 149 Mich. 147 (119 Am. St. Rep. 660) ; *Wagner* v. *Wagner*, 203 Mich. 328 ; *Murnan* v. *Murnan*, 128 Mich. 680.

And a breach of the conditions of the condonation revived the grounds for divorce, alleged in the first bill. *Creech* v. *Creech*, 126 Mich. 267.

Reversed. Decree will be entered for plaintiff dissolving the marriage relation and without allowance of further property or money to defendant. The property already given defendant will be regarded as a provision in lieu of dower to satisfy section 11436, 3 Comp. Laws 1915. No costs will be awarded.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.