| Milton J. Budlong | |
|---|---|
| vs. | Div.No.2492 |
| Jessie M. Budlong | |

July 23, 1926

### RESCRIPT

BLODGETT, J. This is a petition for divorce from bed, board and future cohabitation until reconciliation of the parties, filed by Mr. Budlong.

The parties were married in 1898 and three children, one daughter and two sons, were born of the union.

The petition before the court is based upon acts of extreme cruelty towards Mr. Budlong by Mrs. Budlong covering a long period of years. The acts complained of and testified to were not acts of physical violence against his person. They consisted of false charges against his character, humiliating remarks in the presence of others, refusal to live with him as his wife and other acts tending to bring him into public ridicule.

The present petition is the last of a series of actions in this court, between the same parties, commencing October 24, 1923, when Mrs. Budlong filed a petition for a divorce from bed and board. February 15, 1924, a second petition for a divorce from bed and board was filed by Mrs. Budlong, and on April 14, 1924, the first action was discontinued.

After a trial upon this second petition the same was denied by Mr. Justice Capotosto, who went into the details with great care in his rescript.

On April 11, 1925, a third petition for a divorce from bed and board was filed by Mrs. Budlong. This petition was heard by Mr. Justice Sumner on a motion to dismiss filed by Mr. Budlong on May 4, 1925, and the petition was dismissed.

In addition to the above there have been filed by the husband bills in equity praying for restraining orders against the wife, which have been discontinued.

Mr. Justice Capotosto, in the rescript denying the petition of Mrs. Budlong, said as to the charge of extreme cruelty on the part of the husband toward his wife:

"As to the allegations of cruel and abusive treatment, the evidence denies the accusations of the petitioner. Rather than his having been proven guilty of a conscious and preconceived course of cruel conduct towards his wife, the testimony shows that Mr. Budlong exercised patience and forbearance to the highest degree under the most trying circumstances."

Many witnesses were produced by the petitioner in support of his petition who related many instances where Mrs. Budlong, in public places, humiliated her husband by openly bringing up family and private matters in an offensive manner.

Among other acts of cruelty complained of by the husband was the refusal of the wife to resume marital relations with him unless he gave her a large sum of money and transferred to her a valuable estate in Newport. This was not absolutely denied by her. The court feels that such conduct on the part of the wife is extreme cruelty and it has been so held in a number of reported cases.

Casey vs. Casey, 180 Mo. App. 605 (1914).

Campbell vs. Campbell, 149 Mich. 147 (1907).

An incident at the Plaza Hotel in New York in the summer of 1923 is cited by petitioner as an act of cruelty, where she made a demand upon him for $100,000 and upon his refusal to purchase her affection she knelt down and prayed God to curse him. This was not denied by her and and is regarded by the court as an act of extreme cruelty.

The more serious allegation on the part of the husband, however, cover a period extending from October, 1923, to the date of the filing of the present petition.

These allegations relate to acts of the wife, which, to the mind of the court, evidence a deliberate attempt on the part of the wife to humiliate and insult the husband in public.

In the petition No. 2381 Mrs. Budlong filed a bill of forty-five particu-

lars of acts of cruelty committed by her husband upon her, and this bill is made a part of the record in the present case.  There was no proof of even the most innocent of these charges save her own statement, and they were apparently figments of her imagination.  Many of these allegations are serious charges spread upon the records of this court, holding up the husband to public infamy, and yet no serious effort was made to sustain the same and, in the opinion of the court, the making of these charges constitutes extreme cruelty.

Smith  vs.  Smith,  8  Or.  100 (1879).

Rodgers vs. Rodgers, 17 S. W. 573 (Ky. 1891).

Wilson vs. Wilson, 134 S. W. 963 (Ark. 1911).

The testimony shows that the conduct of Mrs. Budlong has caused so much notoriety that upon Mr. Budlong's appearance in public he has been the subject of such comment and ridicule as to cause him great humiliation and that his health has been so effected that he has been unable to carry on business.

In Barnes vs. Barnes, 95 Cal. 171 (1892), the Court said:

"It may be true that there is no scale by which to guage the purely mental susceptibilities and sufferings of another, nor is it necessary that there should be any such exact measure.  The common judgment of mankind recognizes the fact that there may be unfounded charges and cruel imputations which are not more easily borne than physical bruises, and the necessary effect of which is to cause great mental distress to the person against whom they are made  Whether in any given case there has been inflicted this grevious mental suffering is a pure question of fact to be deduced from all the circumstances of each particular case keeping always in view the intelligence, apparent refinement and delicacy of sentiment of the complaining party."

See also Williams vs. Williams, 101 Minn. 400 (1907). Grant vs. Grant, 44 R. I. 169.  Borda vs. Borda, 44 R. I. 340.

During the early part of the present trial the respondent, in writing, dismissed counsel conducting her defense.  Opportunity was given her to secure other counsel but she elected to conduct her own case, and was permitted to offer much testimony which, upon objection, would have been ruled out.  For nearly two days she cross-examined her husband, who freely answered her questions and showed great restraint.  Her own testimony was given without interruption on the part of counsel for petitioner, and was the only testimony offered in her behalf.  Of none of the happenings since the separation in October, 1923, did she make any explanation or offer any denial, including the testimony relative to her actions in the New York apartment as related by one of the witnesses.

Without reciting any of the many details brought out in the testimony, the Court feels that the actions of the respondent constitute a case of extreme cruelty on her part.

The petition is therefore granted.

The Court feels that the custody of the minor children of the parties should remain in the petitioner under the provisions of the interlocutory decree entered December 8, 1925.