T. D. Cochran

*v.*

Anna Lee Cochran

(No. 9911)

Submitted September 16, 1947.   Decided October 28, 1947.

*Fletcher W. Mann,* for appellant.

*Grover C. Trail,* and *Clay S. Crouse,* for appellee.

Fox, President:

The parties to this suit were married on the 6th day of October, 1915, and lived together as husband and wife, in Raleigh County, West Virginia, until February 16, 1944. Three children were born to this marriage, and at the commencement of this suit, one of them was an infant eighteen years of age, another eleven years of age, and one had attained her majority and was married. This suit for divorce was instituted in the Circuit Court of Raleigh County, by the filing of plaintiff's bill at April rules, 1945. The plaintiff assumed the defendant to be at that time a nonresident of the State, and process was had on her by publication. The defendant, however, later re-

turned to this State, and at December rules, 1945, process was issued and returned executed on defendant, and at January rules, 1946, the cause was set for trial upon such personal service.

A bill filed at April rules, 1945, avers the jurisdictional grounds, the marriage, and the birth of the children, and then alleges "that on or about the 16th day of February, 1944, defendant wilfully abandoned and deserted plaintiff and her said children near Daniels in said Raleigh County; that for the last several years of their married life the defendant continually quarrelled and nagged at plaintiff and falsely accused him of having improper relations with other women; that during their married life he has been a true and dutiful husband, providing for defendant all the necessities of life but that she was never satisfied and made his life miserable by her continual abuse of him; that her said actions toward him constituted cruel and inhuman treatment and has made him very nervous and materially affected his health to such an extent that during the last years of their married life he was unable to properly perform his work." The prayer of the bill is for a divorce from the bonds of matrimony, and for the custody of the two infant children, and for general relief.

It will be observed that the alleged desertion occurred on February 16, 1944. Code, 48-2-4, as amended by Chapter 35, Acts of the Legislature, 1935, provides that: "A divorce from the bond of matrimony may be decreed: * * * (c) to the party abandoned, when either party wilfully abandons or deserts the other for two years * * *." It is therefore apparent that, at the date of the filing of the original bill, no legal ground for a divorce on the ground of desertion could be alleged; but said bill did contain a charge of cruel and inhuman treatment, for which a divorce could be obtained under Sub-section (d) of Code, 48-2-4, as amended.

No action having been taken in the prosecution of the case, the plaintiff, at April rules, 1946, filed an amended and supplemental bill, in which he set up substantially the same grounds for divorce as were alleged in his originial

bill, charging "that after said marriage plaintiff and defendant lived together as husband and wife in Raleigh County, West Virginia, until the 16th day of February, 1944, at which time defendant, wholly regardless of her marriage covenants and duties, wilfully deserted and absented herself from this plaintiff without any reasonable or just cause therefor, and has continued in such desertion and yet continues so to absent herself from plaintiff"; and then amplifies the allegations of cruel and inhuman treatment alleged in his original bill, and asked for the same relief as that prayed for therein.

Defendant did not answer the original bill, but after the filing of the amended and supplemental bill, she, on June 17, 1946, tendered and filed her answer in the nature of a cross-bill in which she admitted that she and plaintiff had lived together until about the month of February, 1944, but denied that she had ever abandoned or deserted the plaintiff or her children; averred that she had gone to New Mexico in February, 1944, for the benefit of her health, and had remained there, temporarily, for reasons of health under advice of her physician; denied the allegation of cruel and inhuman treatment alleged against her; asked that plaintiff's bill be dismissed; and that he be denied a divorce; but if a divorce should be granted, that she be awarded the custody of the two minor children, and that plaintiff be required to support the defendant, and for general relief.

On this state of the pleadings, the case was heard, evidence taken, and a decree entered on August 26, 1946, finding that the plaintiff was entitled to the relief prayed for in his supplemental bill of complaint; that the defendant was entitled to the relief prayed for in her answer in the nature of a cross-bill, to the extent that she prays for her support and maintenance therein; but in all other respects that the said answer in the nature of a cross-bill be dismissed. The decree then goes on to dissolve the marriage between plaintiff and defendant, and to decree to plaintiff the custody of the two infant children. It further provides that each of the parties be barred of dower

and other interests in the sole and separate property belonging to the other, and requires plaintiff to relieve and discharge defendant from obligations as indorser, comaker, or surety on any note, debt or obligation of the plaintiff. From said decree, we, on November 25, 1946, granted this appeal and supersedeas.

It will be noted that two distinct grounds for divorce are alleged in plaintiff's original bill, and in his amended and supplemental bill: first, that of desertion; and, second, cruel and inhuman treatment. Before discussing the proof as it relates to either of said allegations, it must first be determined whether the pleadings justified the trial court in hearing the case on the alleged ground of desertion.

As will be noted, at the time plaintiff's original bill was filed, he did not have grounds for a divorce on the allegation of desertion, because the desertion alleged had occurred less than two years prior thereto. After the case had been allowed to drift for approximately one year from the date of the filing of the original bill, the amended and supplemental bill was filed, with the same allegation of desertion, but at a time when the desertion alleged had occurred more than two years prior thereto; and, if the plaintiff's original bill could be so amended and supplemented, alleged sufficient ground for divorce on the theory of desertion.

But we do not think a plaintiff can make out his case in that manner. We think it fundamental, that before a person is entitled to institute suit, his cause of action must be in existence. "A party who has no cause of action when he files his original bill cannot aid his case by filing a supplemental bill, because a supplemental bill is only an addition to and continuance of the original bill, to be read with it, and should be consistent with it." 1 Hogg's Equity Procedure, 3d Ed., 262, Section 193. In the case of *Straughan* v. *Hallwood,* 30 W. Va. 274, 4 S. E. 394, this Court held: "A party who has no cause of action at the time of filing his original bill cannot maintain his suit by filing a supplemental bill, stating facts subsequently aris-

ing out of the transaction, the subject of the original bill; and such supplemental bill should be dismissed at the hearing, though filed by leave of the court without objection, and though not demurred to by the defendant." In discussing this question the Court said: "If all the facts claimed by this supplemental bill were proven, could the Court render any decree based upon it in favor of the plaintiff? It seems to me it could not. When a supplemental bill is based on facts occurring since the institution of the suit, and seeks relief only against the original defendant, no new parties being introduced, it is in the nature of an amendment of the original bill, and must be read with it, and the two must be regarded as one bill; just as when an amended bill is filed, merely correcting statements in an original bill, the two are regarded as constituting one bill. This proposition is abundantly sustained by the authorities. * * * It would seem to follow that if, on the original bill, when all imperfections in it are disregarded, and the evidence in the cause, the plaintiff has no cause of action at the time of filing his original bill, he cannot maintain his suit by filing a supplemental bill setting up a cause of action that had accrued after the original bill was filed, even though it arose out of the same cause of action that was the subject of the original bill. A new cause of action should not thus be permitted to be presented by a supplemental bill; for, such supplemental bill being a part and an addition to the original bill, and to be read with it, to permit this would be to violate the obvious principle that in every case the cause of action must exist at the time the suit is brought." To the same effect is the case of *Hanby's Admr.* v. *Henritze's Admr.,* 85 Va. 177, 7 S. E. 204, wherein it was held: "Supplemental bills are not allowed for the purpose of introducing a completely new case, but may be for the purpose of obtaining an entirely different relief." The question was fully discussed in the annotation of the case of *Reeder* v. *Farris* (Okla.), L. R. A. Anno. 1916D, 676, in which it is said: "It is a general principle that an original petition or complaint which states no cause of action cannot be aided by supplemental plead-

ing." The situation herein presented is this: At the date of the filing of plaintiff's original bill, he had no cause of action on the ground of desertion, although such bill did allege cruel and inhuman treatment, which, if sustained by proof, would have entitled plaintiff to a divorce; one year later, and at a time when plaintiff did have a cause of action for divorce on the ground of desertion, he filed an amended and supplemental bill alleging such ground. This, in effect, was the allegation of a new cause of action, an allegation made for the first time, because the original bill did not state a cause of action on desertion.

In our opinion, we should not depart from the ruling announced in *Straughan* v. *Hallwood, supra.* We do not find that it has been overruled or distinguished, and we think it states a sound principle. We do not believe that parties seeking a divorce, on the ground of desertion, should be permitted to institute a suit one day after the desertion begins, or at any intermediate period between that date and the expiration of two years, and include in the bill a charge of cruelty or other ground of divorce, not requiring the passing of time to make it effective, and then, after the expiration of two years from the beginning of the desertion, file an amended and supplemental pleading in that suit, averring the two years' desertion required for a decree on that ground. We should, in our opinion, adhere to the rule that the cause of action relied upon for relief, must have existed at the institution of the suit. Therefore, plaintiff had no suit pending based on the ground of desertion, and the trial court should not have considered testimony in support of the allegations of desertion made in the amended and supplemental bill, nor based its decision on the theory of desertion.

Plaintiff in seeking to uphold his amended and supplemental bill relies strongly on the case of *Gray* v. *Gray*, 120 W. Va. 498, 199 S. E. 361. There, in a suit instituted in the Circuit Court of Randolph County, in July, 1936, some eight months after the parties thereto had taken up their residence in this State, plaintiff's alleged grounds for divorce was the charge of adultery, and that defendant was

an habitual user of intoxicating liquors, and frequently became intoxicated while engaged in work in the office of plaintiff. On December 31, 1936, and after the residence of the parties in Randolph County had continued for more than one year, plaintiff filed an amended and supplemental bill, in which he more specifically alleged the charge of habitual drunkenness against the defendant, and the divorce seems to have been granted on that ground. We held in that case that "A bill in chancery for divorce under Code, 48-2-8, may be amended to amplify or clarify its allegations, but alterations or additions to its averments which lay a new ground for equitable relief constitute the commencement of a new suit and require the service of further process or its equivalent." The decree of the Circuit Court of Randolph County, granting the divorce, was affirmed. There would seem to be some conflict between that decision and *Straughan* v. *Hallwood, supra,* but we think they may be distinguished, because at the date when plaintiff filed his bill in the *Gray* case, he had a cause of action, based on two grounds, which by reason of his limited residence in this State he could not prosecute, and what he did was to await the expiration of the time when his residence in this State would entitle him to prosecute the action, and then filed his amended and supplemental bill. We think these facts present a different case than one in which, at the time of the filing of the original bill, plaintiff could not, under the statute, possibly have alleged a good cause of action on the ground of desertion.

Our view of the case being that the decree of the Circuit Court of Raleigh County cannot be sustained on the theory of plaintiff's alleged desertion, because of the state of the pleadings, we do not consider the evidence on that ground. This point was not raised in the court below, but is raised in appellant's brief in this Court. *Straughan* v. *Hallwood, supra,* says this can be done. If in fact, defendant has, without just cause, deserted the plaintiff for a period of two years, that would be ground for a new

suit. The fact that his original bill contained an allegation of cruel and inhuman treatment does not, in our opinion, aid the plaintiff in alleging a new cause of action based on the charge of desertion in an amended and supplemental bill. That which cannot be done directly, cannot be done indirectly. Desertion and cruel and inhuman treatment are distinct and separate grounds for divorce, and so classified in the statute. Code, 48-2-4.

This leaves the question of whether the decree of the court can be sustained on the ground of cruel and inhuman treatment. We do not think the evidence on that point is sufficient. The parties lived together for almost thirty years, during part of which time they seem to have had many disagreements; but we do not think the evidence discloses that either party was guilty of such conduct as, under the true intent and meaning of our statute, amounts to cruel and inhuman treatment. Until the date of the defendant's trip to New Mexico, in February, 1944, plaintiff and defendant lived together as man and wife, although not at all times residing in the same house. Defendant's trip to New Mexico, while probably not approved by her husband, was discussed between them, and certainly does not amount to cruel and inhuman treatment. Desertion has never been understood as constituting cruel and inhuman treatment. If it were, it would not have been necessary to separate them in the statute as grounds for divorce. We are then forced to consider only the wrangling and quarrelling between these two people. Unquestionably, there was much of that, but it has never been understood to be ground for divorce, or to constitute cruel and inhuman treatment, unless carried to such an extreme as to impair, or threaten to impair, the health of the complaining party. This condition is not shown to have developed in this case. Plaintiff seems to be an active and aggressive man, carrying on a considerable business, and there is nothing in the case indicating that he has ever, at any time, been in danger of breaking down in health through worry occasioned by the alleged conduct of his wife.

We are therefore of opinion that the decree of the Circuit Court of Raleigh County cannot be sustained on the ground of cruel and inhuman treatment, and that the said decree should be wholly reversed, and the case remanded for such action as the court may deem proper to take with respect to the maintenance of the defendant under the provisions of Code, 48-2-15, and the rule laid down in the case of *Roush* v. *Roush,* 90 W. Va. 491, 111 S. E. 334.

We therefore reverse the judgment of the Circuit Court of Raleigh County and remand the case for such other proceedings as the court may be advised to take, not inconsistent with this opinion.

*Reversed and remanded.*