ORINDA D. CUMMINGS v. WILLIAM S. CUMMINGS AND JAMES N. SHAW.

*Divorce—Examination of the parties—Alimony.*

The advantage possessed by a trial court over the appellate court in judging of the credibility of witnesses from their appearance on the stand, is especially strong in a divorce suit in which both of the parties were examined in open court.

Alimony should not be lavishly allowed where the wife is young and healthy, brought no property to her husband and did not aid him in accumulating any, obtained a previous divorce for the purpose of marrying him and lived with him only a short time.

Appeal from Shiawassee. (Newton, J.) Apr. 5.—Apr. 11.

DIVORCE bill. Defendants appeal. Affirmed.

*Hugh McCurdy* for complainant, cited on cruelty: *Cooper v. Cooper* 17 Mich. 205; *Briggs v. Briggs* 20 Mich. 34; *Bennett v. Bennett* 24 Mich. 482; *Goodman v. Goodman* 26 Mich. 417; *Palmer v. Palmer* 45 Mich. 150.

*McBride & Miner* for defendants.

GRAVES, C. J. The circuit judge heard the testimony in open court, and under a special order the complainant and her husband were fully examined. This circumstance cannot be overlooked. Having seen the parties on the stand who are contending about a divorce, and also their witnesses, the means possessed by the circuit judge for reaching the merits on the question of divorce were superior to those which are afforded here. Making a moderate allowance for this advantage, it becomes necessary to hold that no reason is found for dissenting from the determination dissolving the marriage.

The allowance of property stands somewhat differently. The discretion to be exercised on that subject is more dependent on such facts as the record can exactly represent, and less dependent on the manner and appearance of witnesses, and an appellate court may differ with more confidence from the court below in this than in the contention for the divorce.

At the time these persons intermarried each had just been separated by the court from a former spouse, and each had children by the prior marriage. The divorce in his case occurred in October, 1881, and that in her case in February, 1882, and their intermarriage was in March, 1882, and a little more than a month after her divorce, which he aided her in obtaining, and they separated in the course of two months, or in May, 1882. She had no property, and his did not exceed about $2500, after deducting what he owed. He was required to pay $100 as temporary alimony in the court below, and the decree orders him to pay $100 more as costs

and solicitor's fees, and in addition $1000 as a final allowance. These different provisions represent nearly one-half of the husband's property. The Court is hardly prepared to concur in this.

The case is not one where the wife has brought property on the marriage or afterwards; nor a case where she has aided in accumulating the estate held by the husband; nor is it a case where the wife's age or infirmities demand an exceptional provision; nor one in which the wealth of the husband may justify a large allowance. As before stated she brought no property, and she lived with the husband only two months, and his little property has not been gathered through her assistance. Moreover, she is young and in health. There would seem to be no occasion for a lavish allowance.

On the whole it is the opinion of the Court that the decree should be so far modified as to reduce the final allowance from $1000 to $500, and as thus modified, be affirmed.

The case will be certified to the court below for the purpose of conforming the relief to this opinion.

The other Justices concurred.