ROSECRANCE *v.* ROSECRANCE.

1. DIVORCE—EVIDENCE—CITING APPEARANCE OF DEFENDANT.
   Under Circuit Court Rule No. 25, adopted by virtue of 1 Comp.
   Laws, § 211, the circuit judge has authority to require the
   defendant in a *pro confesso* divorce case to appear and testify.

2. SAME—DECLARATIONS OF PARTIES.
   3 Comp. Laws, § 8652, providing that no decree of divorce shall
   be granted solely on the declarations of the parties, refers to
   confessions, and not to the testimony of a party as a witness.

3. CHANCERY APPEAL—REVIEW—CREDIBILITY OF WITNESSES.
   A certification by the circuit judge of his disbelief in the testi-
   mony adduced by a party to a chancery cause, notwithstand-
   ing the advantage possessed by such judge in seeing and hear-
   ing the witnesses, will not conclude the Supreme Court from
   reviewing the case on the merits.

Appeal from Ingham; Wiest, J.    Submitted April 5,
1901.   Decided July 2, 1901.

Bill by Stella Rosecrance against Scott Rosecrance for a
divorce.   From a decree dismissing the bill, complainant
appeals.   Reversed.

*G. Edward Foerster,* for complainant.

HOOKER, J.   The complainant has appealed from a
decree denying her a divorce in a *pro confesso* case.   The
important testimony was given by herself, and her hus-
band, the defendant, was called by order of the court.   A
decree was denied by the court upon two grounds:

*First.* That, "considering complainant's testimony, and
viewing the manner in which she gave it, I cannot say
that it satisfies me clearly, and I decline to make a
judicial determination that it proves the cause for divorce
alleged in the bill."

*Second.* "The complainant has not made a case.   The
statute provides (section 8652, 3 Comp. Laws), that 'no

decree of divorce shall be made solely on the declarations * * * of the parties, but the court shall require other evidence of the facts alleged in the bill for that purpose; but either party may, if he or she elect, testify in relation to such facts.' If the testimony of the complainant had been clear and satisfactory, I should still hesitate, until it was supported by other evidence of the facts alleged, to grant a decree."

We think the court had authority to require the husband to appear and testify, under the statute (section 211, 1 Comp. Laws).

We think the court's construction of section 8652 erroneous. The declarations there referred to are confessions, as contradistinguished from testimony as a witness.

While the conscience of the court is not to yield to testimony of a witness whom he disbelieves, and while we recognize the advantage of seeing and hearing the witness, and the presumption arising therefrom, the court is not concluded by the certification of disbelief, and by the presumption, from reviewing a case upon the merits. In the present case we are of the opinion that a divorce should have been granted upon the proofs.

The decree is reversed, and a decree of divorce granted, with costs of both courts.

The other Justices concurred