## DONALDSON *v.* DONALDSON.

1. DIVORCE—APPEAL—EVIDENCE.
   An examination of the testimony in this case does not show that the decree of divorce granted by the circuit judge, who heard the witnesses, should be reversed.

2. SAME—ALIMONY
   A wife whose husband has obtained a divorce from her on the ground of cruelty is not entitled to more than $250 alimony, where it appears that his real property is worth $2,500, and is mortgaged for $1,000, that he has but a small salary and but little personal property, that there are no children the issue of the marriage, and that she has not assisted in the accumulation of his property.

134 MICH.—19.

Appeal from Muskegon; Russell, J. Submitted April 8, 1903. (Docket No. 5.) Decided September 15, 1903.

. Bill by John J. Donaldson against Lorene Donaldson for a divorce. From a decree for complainant, defendant appeals. Affirmed.

*C. W. Sessions*, for complainant.

*Cross & Lovelace*, for defendant.

MOORE, J. In this case each party is seeking a divorce from the other,—the complainant upon his bill of complaint, the defendant upon her answer in the nature of a cross-bill. The ground of divorce alleged in each case is extreme cruelty. The proofs were taken in open court. A decree was granted to complainant. Defendant was given the household furniture, $250 alimony, and the costs, and was required to release her interest in complainant's real estate. She brings the case here by appeal, claiming the decree should have been granted her upon her cross-bill, and that a larger amount of alimony should have been decreed to her.

The record shows complainant was 37 years old. The defendant is 11 years younger. Complainant married his first wife in 1899. Six months later, on January 25, 1900, he obtained a decree of divorce from her. In June, 1900, the parties to this litigation got acquainted with each other. The defendant was then the mother of four small children, living apart from her husband, from whom she obtained a divorce on the 24th day of October, 1900. On the 8th of November, 1900, she married the complainant. They commenced quarreling the next day, and, according to the testimony of each of them, the quarrel was almost continuous until this bill was filed, the 9th of October, 1901. According to the testimony of the husband, the wife, without occasion, accused him of unchastity, and called him vile names, and made life perfectly miserable for him. According to the testimony of the wife, the conditions

were completely reversed. Her testimony is that, without occasion, the complainant was jealous of her, and called her vile names. She claims he agreed to support her two little girls by her former husband, and refused to do so. Testimony that covers nearly 150 pages in the printed record was taken in open court. It is not possible to harmonize this testimony. Some one is not telling the truth. It is a case where it is especially desirable to see and hear the witnesses, to observe their manner of giving testimony, their candor or lack of candor, their intelligence or lack of intelligence. There are many aids possessed by the judge who hears the oral testimony in deciding who of the witnesses are truthful that do not get upon the printed page. The case made by the testimony offered on the part of the complainant, if believed, justifies the decree made by the circuit judge. On the other hand, if this testimony was untrue, and the defendant and her witnesses told the truth, the defendant should have been granted a decree upon her cross-bill. The question involved is purely a question of fact. It would profit no one to go over this evidence in detail. After a careful reading of all of the voluminous record, we are not prepared to say the circuit judge erred in granting the decree as he did. *Nicholas* v. *Nicholas*, 50 Mich. 162 (15 N. W. 64); *Cummings* v. *Cummings*, 50 Mich. 305 (15 N. W. 485); *Warner* v. *Warner*, 54 Mich. 492 (20 N. W. 557); *Karreman* v. *Karreman*, 122 Mich. 654 (81 N. W. 576), and the many cases cited in the last-named case.

It is claimed a larger sum should have been allowed as alimony. The testimony upon which a court would be justified in acting shows the complainant owns real estate worth $2,500, upon which is a mortgage of $1,000. He has almost no personal property. He is earning a small salary. There is no child living the issue of this marriage. He is in debt several hundred dollars. The parties lived together less than a year. Defendant contributed nothing towards the accumulation of the little property possessed

by the complainant.   This being the situation, we are not inclined to disturb the decree.   It is affirmed.

The other Justices concurred.