## WHITE *v.* WHITE.

1. DIVORCE—APPEAL—REVIEW.
    While the conclusions of the circuit judge in a divorce case heard in open court will not be lightly set aside, if a consideration of the entire record satisfies the appellate court that the decree is wrong, it will not be permitted to stand.

2. SAME—CRUELTY.
    Evidence reviewed, and *held* to entitle a wife to a divorce on the ground of extreme cruelty, consisting principally of an abuse of the sexual relations.

Appeal from Ingham; Wiest, J. Submitted November 17, 1903. (Docket No. 83.) Decided December 22, 1903.

Bill by Myrtle K. White against Thomas E. White for a divorce. From a decree dismissing the bill complainant appeals. Reversed.

*Q. A. Smith* and *O. J. Hood,* for complainant.

*Thomas, Cummins & Nichols,* for defendant.

MOORE, J. This is a bill for divorce. From a decree dismissing the bill, the case is brought here by appeal. The cause assigned by the bill is extreme cruelty. The testimony of the complainant is to the effect that, in addition to striking her, the defendant insisted upon having sexual intercourse with her during her pregnancy, and up to within a month before the child was born, and, against her protest, within two weeks after its birth, and while she was still sick; that he continued to insist upon excessive sexual intercourse, so as to greatly impair her health, and, to accomplish his purpose, would use force. Her testimony is confirmed in part by the testimony of her mother and her attending physician. Defendant denied many of the details of her testimony, and denied that,

against her wish, he had excessive intercourse with her. He did not deny her testimony as to what occurred just before and just after the birth of the child, and admitted that upon one occasion he used force to accomplish his purpose.

We are not unmindful of the rule that, where the trial judge has seen and heard the witnesses, it gives him an advantage in determining their credibility, and this court ought not to lightly reverse a decree made under such conditions. *Nicholas* v. *Nicholas*, 50 Mich. 162 (15 N. W. 64). On the other hand, when a consideration of the entire record satisfies us that the trial court has reached a wrong conclusion, its decree ought not to stand. *Rosecrance* v. *Rosecrance*, 127 Mich. 322 (86 N. W. 800); *Knickerbocker* v. *Knickerbocker, ante,* 102 (97 N. W. 1117). The testimony in the case, including correspondence, is of too disgusting a character to put in print. It is sufficient to say of it that we think it establishes the right of complainant to a decree, under the following authorities: *Melvin* v. *Melvin*, 58 N. H. 569 (42 Am. Rep. 605); 1 Bishop, Mar., Div. & Sep. § 1629; 1 Nelson, Div. & Sep. § 304; *Walsh* v. *Walsh*, 61 Mich. 554 (28 N. W. 718).

The decree of the court below is reversed, and one will be entered here in accordance with this opinion.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.