## MURPHY *v.* MURPHY.

DIVORCE—EVIDENCE—SUFFICIENCY—TESTIMONY OF COMPLAINANT.
  There is no hard and fast rule that prevents granting a decree
  of divorce upon the testimony of the complainant alone,
  though in such a case the right to relief must be very clearly
  established.

Appeal from Ingham; Wiest, J. Submitted October 11, 1907. (Docket No. 33.) Decided November 5, 1907.

Bill by Elva M. Murphy against Joseph J. Murphy for a divorce. From a decree for complainant, defendant appeals. Affirmed.

*Arthur J. Tuttle,* for complainant.

*Walter Barlow,* for defendant.

MONTGOMERY, J. This is an appeal from a decree granting a divorce to complainant on the ground of defendant's extreme cruelty. The bill charges a series of specific acts of cruelty by words and conduct, which it is claimed as a whole render the complainant's life in defendant's home unbearable.

The testimony is very voluminous and it is true that in the main the acts of cruelty shown are proven by the direct testimony of the complainant, corroborated only in collateral details by the testimony of other witnesses, and it is urged that the complainant's case therefore rests upon her testimony alone and that no decree should be granted for this reason. It is undoubtedly the correct rule that when the court is compelled to rest a decree of divorce upon the testimony of complainant it will only grant relief when the case is very clearly established; but there is no hard and fast rule that prevents granting a decree upon the testimony of the complainant alone in a divorce case. *Rosecrance* v. *Rosecrance*, 127 Mich. 322.

In the present case however we find, and a careful examination of the record has satisfied us, that the complainant is a woman of exceptional candor and character. In many points where the defendant's testimony conflicts with hers complainant is corroborated by independent testimony, and on the whole record we feel convinced that the conclusion reached by the circuit judge was not only justified by the testimony but that the clear weight of the testimony supports his decision.

The decree of the court is affirmed, with costs, and the case will be remanded for a reference to the commissioner to take testimony as to the pecuniary circumstances of the parties with a view to a decree for alimony.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.