## HEATON *v.* HEATON.

1. DIVORCE—ALIMONY—HUSBAND AND WIFE—AMOUNT.
   In a suit for divorce which was granted to complainant wife, where the defendant was 68 years of age, possessed of about $2,400 worth of property which he had accumulated before his marriage, an allowance of $100 to the wife, who had property worth about $1,000, in full satisfaction of her claims against the husband's estate, was a reasonable allowance to be made as alimony, taking into consideration the earning power of the husband was practically at an end.

2. SAME—WEIGHT OF EVIDENCE.

Where, upon consideration of the evidence, it was determined on appeal that complainant's charge of extreme cruelty was sustained, a divorce should be awarded from the bonds of matrimony with an allowance in lieu of dower, under Act No. 259, Pub. Acts 1909 (4 How. Stat. [2d Ed.] § 11496 *et seq.*).

Appeal from Kalamazoo; Weimer, J. Submitted April 16, 1915. (Docket No. 135.) Decided June 7, 1915.

Bill by Amy H. Heaton against Ryan Heaton for divorce. From a decree for defendant, complainant appeals. Reversed.

*Lincoln H. Titus,* for complainant.

KUHN, J. This is an appeal from a decree dismissing the complainant's bill for a divorce. The proofs in support of the charge of extreme cruelty, which is the cause assigned in the bill, rest solely upon the testimony of the complainant herself, and the chancellor refused to grant the relief because in his opinion the case had not been clearly established in accordance with the rule announced by this court in *Murphy* v. *Murphy,* 150 Mich. 97 (113 N. W. 583).

Recognizing the rule that this court ought not to lightly reverse a decree made under such conditions where the chancellor, who has seen and heard the witness, had the advantage of determining her credibility, nevertheless we are not thereby relieved of the duty of exercising our own judgment in passing upon the evidence in this case. *Rosecrance* v. *Rosecrance,* 127 Mich. 322 (86 N. W. 800); *Knickerbocker* v. *Knickerbocker,* 135 Mich. 102 (97 N. W. 1117); *White* v. *White,* 135 Mich. 271 (97 N. W. 681); *Emery* v. *Emery,* 181 Mich. 146 (147 N. W. 452).

No good purpose would be served by attempting to

review this testimony, which is disgusting in character, but after a careful examination of the testimony of the complainant we are of the opinion that a divorce should have been granted upon the proofs.

The complainant, who was 68 years of age, married the defendant, who was 65 years of age, on the 12th of July, 1913, as the result of correspondence brought about through an advertisement in the "cupid column" of a matrimonial paper. They lived together at the home of the complainant until some time in October, 1913. The defendant is possessed of property approximating in value about $2,400, and the complainant is possessed of property approximating $1,000. It also appears that during the time they lived together the defendant turned over his earnings to the complainant, and that none of the property he possesses came to him as a result of complainant's efforts or assistance, she having contributed nothing to his property at the time of her marriage or after. In view of the fact that defendant's earning powers are nearly at an end, we do not think that any considerable amount of his property ought to be taken from him as alimony. But as Act No. 259, Pub. Acts 1909 (4 How. Stat. [2d Ed.] § 11496 *et seq.*), makes it the duty of the court to include in its decree some provision in lieu of dower, which is to be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest, we think that it would be proper to allow complainant $100 as such a provision, with costs of both courts.

The decree will therefore be reversed, and a decree entered in this court in accordance with this opinion.

BROOKE, C. J., and MCALVAY, STONE, BIRD, MOORE, and STEERE, JJ., concurred. OSTRANDER, J., did not sit.