JACKETT *v.* JACKETT.

DIVORCE—EXTREME CRUELTY—CREDIBILITY OF WITNESSES.
  In wife's suit for divorce on the ground of extreme
    cruelty, where defendant claimed that plaintiff was also
    guilty of such extreme cruelty as should bar her right
    to a decree, the conclusion of the court below that plain-
    tiff had made a case and defendant had not will not be
    disturbed, on appeal, in view of the fact that the trial
    judge heard and saw the witnesses and was well able
    to measure their credibility.[1]

Appeal from Bay; Houghton (Samuel G.), J.    Sub-
mitted October 15, 1924.    (Docket No. 98.)    Decided
December 10, 1924.

Bill by Nellie E. Jackett against John J. Jackett for
a divorce.    From a decree for plaintiff, defendant
appeals.    Affirmed.

*Henderson & Patterson,* for plaintiff.

*Robert H. Lane,* for defendant.

FELLOWS, J.    Plaintiff was married to defendant
when she was 16 years old.    Two children were born
to the parties.    Their matrimonial experience was
quite stormy.    They separated once and defendant
filed a bill for divorce.    However, they became
reconciled and resumed matrimonial relations which
continued until October 5, 1922, when plaintiff left
defendant under circumstances which we conclude
justify a decree of divorce on the grounds of extreme
cruelty.    · While defendant insists that plaintiff has
also been guilty of such misconduct as would justify
a decree in his favor on a like charge, he did not ask

---

[1]Divorce, 19 C. J. § 479.
  On modification of decree of divorce because of changed con-
ditions, see note in 44 L. R. A. (N. S.) 1026.

for such decree but expressed his willingness to effect a reconciliation. After the proofs were concluded the trial judge advised the parties to get together for the benefit of the children and withheld decision for several months in the hopes that such reconciliation would be effected. His efforts were of no avail and plaintiff was given a decree and the custody of the children with the privilege given the father of visiting and associating with them as often and as much as may be convenient. A modest sum was allowed for their support. In this court it is again insisted that a reconciliation will be effected if plaintiff's bill is dismissed and we are urged to find plaintiff guilty of the acts of extreme cruelty charged against her and apply the well recognized rule that where the parties are both guilty of extreme cruelty no decree will be granted either party on that ground. But we are persuaded that defendant has not established the charges he makes against his wife. Indeed, it is difficult to understand how he can wish for a reconciliation if some of the things he charges by innuendoes are true. The trial judge heard and saw the witnesses and was well able to measure their credibility; he concluded that plaintiff had made a case and defendant had not. We are not disposed to disagree with his conclusions. Should there be a change in the condition of the parties necessitating a change in the amount allowed for the support of the children or their custody, application may be made to the circuit court.

The decree will be affirmed, with costs.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.