WERONKA *v.* WERONKA.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
   Evidence in husband's suit for divorce on ground of extreme
   cruelty *held,* sufficient to justify decree for plaintiff.

2. SAME—COSTS.
   No costs are awarded husband though wife is unsuccessful on
   her appeal from decree of divorce.

Appeal from Kent; Perkins (Willis B.), J.  Submitted January 14, 1938.  (Docket No. 74, Calendar No. 39,797.)  Decided April 4, 1938.

Bill by Michael Weronka against Walentyna Weronka for an absolute divorce on grounds of extreme cruelty.  Decree for plaintiff.  Defendant appeals.  Affirmed.

*Abner Dilley,* for plaintiff.

*Sigmund S. Zamierowski,* for defendant.

NORTH, J.  In this suit for divorce brought by plaintiff against his wife, a decree from the bonds of matrimony was granted on the ground of extreme cruelty.  The defendant has appealed.  She asserts that the charges made against her were not established by the testimony and that plaintiff was not in court with clean hands.  She asks that a decree be entered in this court dismissing the bill of complaint.

These parties were married in January, 1933.  Their separation occurred shortly before the husband filed his bill of complaint in February, 1937.  Plaintiff had been previously married and his for-

mer wife had died. Defendant had been married on three previous occasions. At least two of her marriages had resulted in divorce. She has two adult sons by her previous marriages, and plaintiff also has an adult son born of his former marriage. No children were born of this marriage. At the time of the trial plaintiff was 46 years of age and defendant 50.

In support of the charges made in the bill of complaint the husband and his witnesses gave testimony tending to show that defendant had a bad temper and was quarrelsome, that she called her husband opprobrious names, falsely accused him of drunkenness and of immoral relations with other women, that she assaulted him, told him and others that she did not care for him, and that after about six months following the marriage she refused to cohabit with plaintiff.

In behalf of defendant there was testimony tending to deny that offered by plaintiff and his witnesses and also tending to show that plaintiff at times became intoxicated and that he improperly consorted with another woman who was named in the case. Defendant denied the charge that she refused to cohabit with plaintiff except to the extent necessitated by impaired health and as advised by her physician.

Further details of the charges of the respective parties and the testimony offered by them would not be helpful. The circuit judge had the advantage of seeing and hearing the parties and their witnesses. The testimony in behalf of each party in a large measure is directly contradicted by testimony offered in behalf of the opposite party. After having reviewed the record carefully we are of the opinion that the decree of divorce granted by the circuit

judge, who necessarily had to pass upon the credibility of the witnesses, is justified by the testimony. The only relief asked in appellant's brief is "that the decree of the trial court be reversed and the bill of complaint dismissed." As just above indicated, we are unable to find that the record on this appeal is such as entitles defendant to a reversal of the decree entered in the circuit. The decree is affirmed, but without costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.