BROOKHOUSE *v.* BROOKHOUSE.

1. DIVORCE—TESTIMONY OF COMPLAINANT ALONE.

While there is no inflexible rule that prevents granting a divorce upon the testimony of complainant alone, the right to such relief must be clearly established.

2. APPEAL AND ERROR—DIVORCE—REVIEW OF EVIDENCE.

On review of record on husband's appeal in wife's suit for divorce, Supreme Court is not disposed to disagree with conclusions of trial court who saw and heard the witnesses and was able to measure their credibility where the testimony was conflicting.

3. SAME—DIVORCE—EVIDENCE.

Decree of divorce, resting wholly upon the testimony in the case, should not be reversed by the reviewing court unless it is convinced it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

4. DIVORCE—EXTREME CRUELTY—ABUSIVE AND HUMILIATING CONDUCT.

While incompatibility, quarrels and display of temper are not grounds for divorce, nevertheless a course of abusive and humiliating treatment of one spouse by another, repeatedly persisted in, embracing continuous insults before children of the parties justifies a divorce on the ground of extreme and repeated cruelty.

5. SAME—STATUTES—EXTREME CRUELTY—MENTAL GRIEVANCES.

While divorce is strictly regulated by statute, such statutes do not confine the definition of extreme cruelty to physical violence; and grievances, to justify a decree, may be mental or physical, if they are of sufficiently aggravated nature.

6. SAME—EXTREME CRUELTY—UNFOUNDED ACCUSATIONS OF MISCONDUCT.

Unfounded accusations of misconduct, tending to degrade and humiliate, and which, if believed, would cause loss of friends and respect, constitute extreme cruelty.

7. Same—False Accusations of Adultery.

A husband's false accusations of adultery by his wife constitute grounds for divorce.

8. Same—Extreme Cruelty—Evidence.

Entry of decree for divorce from husband *held*, proper on testimony showing repeated physical violence, false accusation of adultery, continuous nagging, repeated opprobrious epithets, continuous treatment in an angry, contemptuous and humiliating manner causing loss of society of friends over a period of years.

9. Same—Award of Property—Equity.

Award to plaintiff wife of household goods and furnishings and entire equity in home purchased on land contract for $12,500 14 years ago and upon which defendant had paid $70 a month for a considerable time *held*, not unfair under circumstances where plaintiff's father had invested $9,200 in the property, largely in gifts, plaintiff had given defendant a car and paid expenses of running home from own earnings and gifts during the 17 years of the marriage, except for $10 a week contributed by defendant, and defendant admitted using up $3,600 worth of plaintiff's securities in his business which afforded him an income of between $4,000 and $5,000 a year for a considerable time.

10. Same—Judgment Against Parties—Equity.

In suit for divorce, husband *held*, not entitled to discharge of judgment against him and his wife, in favor of her father and based upon loan made to parties incident to paying land contract on their home down to the mortgage, notwithstanding the apparent unfailing generosity of her father toward supporting the family by insuring a home for the parties, such fact not being one entitling defendant to any consideration in award of property interests incident to suit for divorce.

11. Same—Custody of Children—Discretion of Court.

In determining custody of the children, the supreme and paramount consideration is the welfare of the children and a large discretion is lodged with the trial court in respect to such matter.

12. Same—Custody of Children—Alternate Sundays.

Award of custody of 12-, 8- and 5-year old children to mother with right of father to have them in his custody on alternate Sundays *held*, not unjust, harsh or improper.

Appeal from Wayne; Campbell (Allan), J.  Submitted July 1, 1938.  (Docket No. 29, Calendar No. 39,819.)  Decided October 5, 1938.

Bill by Elizabeth Brookhouse against John Brookhouse for an absolute divorce.  Decree for plaintiff.  Defendant appeals.  Affirmed.

*Vincent F. McAuliffe,* for plaintiff.

*Welsh, Bebout & Hill,* for defendant.

McAllister, J.  This appeal is from a decree of divorce rendered in favor of plaintiff in the Wayne circuit court.  Defendant claims that plaintiff did not sustain burden of proof required and complains of the terms of the decree with regard to custody of the children of the parties and division of property.

Plaintiff and defendant were married in 1921 and have three children, aged 12, 8 and 5 years.  The bill was filed, based on grounds of nonsupport and extreme cruelty.  Plaintiff testified that defendant repeatedly slapped her and at one time knocked her down during pregnancy, and further told plaintiff that he was not the father of her last child.  She further testified that he had engaged since the time of their marriage in continuous nagging; that he repeatedly addressed her with opprobrious epithets, and repeatedly in the presence of her children told her to "get the hell out."  Numerous witnesses testified for the plaintiff to the effect that defendant had continuously treated her in an angry, contemptuous, and humiliating manner; that because of such treatment their friends discontinued seeing them and calling upon them.  These witnesses testified that during their acquaintance with the parties to this suit over a course of years defendant on every occasion

of which they had knowledge used embarrassing and humiliating language in speaking to his wife. Defendant denies that he disclaimed paternity of one of the children of the parties and gives rather lame and unconvincing excuses for that part of his improper conduct which he admits. In his answer he denies that plaintiff is a proper person to have custody of the children.

Defendant claims that the testimony of plaintiff being uncorroborated is insufficient, and that she has not sustained the burden of proof as to her allegations. There is no inflexible rule that prevents granting a divorce upon the testimony of the complainant alone, although the right to relief in such event must be clearly established. *Murphy* v. *Murphy,* 150 Mich. 97; see, also, *Heaton* v. *Heaton,* 186 Mich. 37. The testimony was conflicting. The trial judge saw and heard the witnesses and was able to measure their credibility. On a review of the record we are not disposed to disagree with his conclusions. *Cummings* v. *Cummings,* 50 Mich. 305; *Donaldson* v. *Donaldson,* 134 Mich. 289; *Jackett* v. *Jackett,* 229 Mich. 266; *Weronka* v. *Weronka,* 283 Mich. 493. Where the decree of divorce rests wholly upon the testimony in the case, the reviewing court ought not to reverse the determination of the trial court unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances. *Nicholas* v. *Nicholas,* 50 Mich. 162.

We have carefully examined the entire record and, although in many matters testified to, plaintiff is uncorroborated, nevertheless there is such a ring of authenticity about the testimony adduced by plaintiff that we are convinced of its truth. Such a course of conduct persisted in continuously during many

years is such extreme and repeated cruelty as justifies a decree of divorce. While it is true as contended by counsel for defendant that divorce is strictly regulated by statute in this State and that incompatibility, quarrels and displays of temper are not grounds for divorce, nevertheless a course of abusive and humiliating treatment of one spouse by another, repeatedly persisted in, embracing continuous insults before their children is destructive of the harmony and life of the family in complete derogation of the marriage relation and inimical to the proper care and upbringing of the children.

The statutes do not confine the definition of extreme cruelty to physical violence; the grievances to justify a decree of divorce may be mental or physical, if they are of a sufficiently aggravated nature. *Cooper* v. *Cooper,* 17 Mich. 205 (97 Am. Dec. 182). Extreme cruelty is not confined to physical violence. *McCue* v. *McCue,* 191 Mich. 1. Unfounded accusations of misconduct, tending to degrade and humiliate, and which, if believed, would cause loss of friends and respect, constitute extreme cruelty. *DeVuist* v. *DeVuist,* 228 Mich. 454. Grounds for divorce exist where a husband falsely accuses his wife of adultery. *Simon* v. *Simon,* 225 Mich. 645; *Farley* v. *Farley,* 278 Mich. 361 (109 A. L. R. 678). Under the evidence in the case the trial court properly entered a decree for plaintiff.

During several years subsequent to the marriage of the parties, plaintiff taught school; on one occasion teaching under contract for a year and in another instance working as a supply teacher in the public schools. Through the generosity of her father, about the time of her marriage, she received considerable gifts of valuable securities which she claims were of the value of approximately $5,000.

She used her income from teaching for household purposes and for the clothing and care of the children. Shortly after their marriage, plaintiff purchased an automobile and gave it to defendant to use in his business as an insurance salesman. The bonds owned by plaintiff in the amount of approximately $5,000, were placed in a safe deposit box to which both parties had access. Plaintiff states that on one occasion when she went to examine the securities they had all been taken. Defendant admits using these bonds to the amount of $3,600 in order to carry notes which he had accepted in payment of insurance premiums, and claims that such use of the bonds was with plaintiff's consent. This she denies.

In 1924, the parties purchased a house in Detroit at a contract price of $12,500. Plaintiff's father advanced the $3,500 down payment, and subsequently advanced as a loan to the parties, a sum of $2,200 to pay the contract down to the mortgage. When the mortgage was defaulted and foreclosure ensued, plaintiff's father paid an additional $3,500 to bid in the property. Later plaintiff's father secured a judgment against plaintiff and defendant in the amount of $2,732.97 on the original loan of $2,200. From the time the parties purchased the house on contract, defendant paid $70 per month on the contract. He also paid $10 a week to the plaintiff for the upkeep of the home. For a considerable time defendant had an income of between $4,000 and $5,000 a year. Aside from this, plaintiff practically paid all of the household bills and expenses either from her own earnings or through gifts made by her father.

After sale of property on foreclosure defendant filed a petition under the moratorium act, and until the date of decree was paying $45 per month to save

the equity in the property. The trial court awarded plaintiff the equity in this property, together with all of the household goods and furnishings with the exception of certain inconsiderable items.

The decree further provided that the defendant contribute $10 per week for the support of the three children.

Under all of the circumstances in this case, we are of opinion that such distribution of property was not unfair. With regard to the equity in the house, the evidence discloses that plaintiff's father has paid $9,200 into this property, the contract sale price of which was $12,500 14 years ago. Defendant admits he used up $3,600 of plaintiff's money which she received from her father. For a period of 17 years plaintiff paid practically all of the living expenses for herself and her children, with the exception of $10 per week contributed by defendant. Although for a considerable time defendant paid $70 per month on the purchase price, there was during a period of 14 years no such sufficient and substantial investment by the defendant in the property as would cause this court to disturb the determination of the trial court.

Defendant insists that the decree with regard to the equity in the house should be conditioned upon plaintiff's securing a discharge of the judgment which plaintiff's father has against defendant and herself. There is no merit in such contention. In his brief, counsel for defendant says:

"Irrespective of the mortgage and foreclosure, there can be no question but that plaintiff either has now or will have complete ownership of said home eventually."

Apparently it is assumed that plaintiff's father who purchased the property under foreclosure,

doubtless, because of the fact that he had already contributed the major portion of the purchase price, will provide for his daughter by giving her the house. There is no evidence in the case to support such contention, except the apparent unfailing generosity of plaintiff's father toward both plaintiff and defendant. It is difficult to see why defendant is entitled to any consideration because of this fact. Because plaintiff's father may assist in the support of defendant's family to the extent of insuring them a home, is no reason for the defendant to secure advantage thereby in the terms of the decree.

With regard to the custody of the children, they were granted to plaintiff, with the right of defendant to have them in his company on alternate Sundays. In determining such custody, the supreme and paramount consideration is the welfare of the children. *Winn* v. *Winn,* 243 Mich. 587. A large discretion is lodged with the trial court as to custody of children. *Joslyn* v. *Ohlmacher,* 229 Mich. 181. We find no injustice, harshness or impropriety in the decree with regard to access of defendant to the companionship of the children, or right of custody.

Decree affirmed, with costs to plaintiff.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., took no part in this decision.