BREWER v. BREWER.

1. APPEAL AND ERROR—DIVORCE—REVIEW OF EVIDENCE.
   On review of record on wife's appeal in husband's suit for divorce, Supreme Court is not disposed to disagree with conclusions of trial court who saw and heard the witnesses and was able to measure their credibility where the testimony was conflicting.

2. SAME—DIVORCE—EVIDENCE.
   Decree of divorce, resting wholly upon the testimony in the case, should not be reversed by the reviewing court unless it is convinced it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

3. SAME—REVIEW OF EVIDENCE.
   Advantage of seeing and hearing witnesses, possessed by trial judge in a divorce case, does not relieve Supreme Court from duty of exercising its own judgment in passing upon the evidence.

4. DIVORCE—EXTREME CRUELTY—STATUTES.
   The determination in a divorce case of whether or not there has been extreme cruelty on the part of one of the spouses

must be made from the facts and circumstances in each case as the statute does not define extreme cruelty (3 Comp. Laws 1929, § 12729).

5. SAME—WHAT CONSTITUTES EXTREME CRUELTY.
   A divorce may not be granted because of unruly tempers or mutual wranglings of the parties nor because they live unhappily together as parties to a marriage must submit to the ordinary consequences of human infirmities and of unwise selections; the misconduct constituting extreme cruelty being such as is entirely subversive of the family relation and rendering it intolerable (3 Comp. Laws 1929, § 12729).

6. SAME—EXTREME CRUELTY—EVIDENCE.
   In husband's suit for divorce on the ground of extreme cruelty, evidence examined on wife's appeal *held*, insufficient to sustain plaintiff's burden of proof.

Appeal from Genesee; Elliott (Philip), J. Submitted September 16, 1940. (Docket No. 114, Calendar No. 41,170.) Decided November 13, 1940.

Bill by Maurice D. Brewer against Anne Brewer for absolute divorce on the ground of extreme cruelty. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Cook & Stipes,* for plaintiff.

*Stockton, Cline & George,* for defendant.

BUSHNELL, C. J. Defendant appeals from a decree of divorce on the ground that plaintiff did not sustain the burden of proving extreme cruelty. The parties were married in 1928. They separated in 1936, remaining apart for about five months, and again separated in September of 1938. Plaintiff's bill of complaint was filed several days after the last separation.

Defendant was charged with habitually nagging, abusing and humiliating plaintiff, withholding love

and affection, and refusing marital relations. Plaintiff also claimed that defendant encouraged their only child, a daughter, to disobey him. All of these charges were denied by defendant. The important testimony was given by the parties, although several other witnesses were called.

At the termination of the hearing, the court reserved decision because the complete contradictions in the testimony made it difficult to determine the facts.

We are mindful of the rule expressed in *Brookhouse* v. *Brookhouse*, 286 Mich. 151, 154, where the court said:

"The trial judge saw and heard the witnesses and was able to measure their credibility. On a review of the record we are not disposed to disagree with his conclusions. *Cummings* v. *Cummings*, 50 Mich. 305; *Donaldson* v. *Donaldson*, 134 Mich. 289; *Jackett* v. *Jackett*, 229 Mich. 266; *Weronka* v. *Weronka*, 283 Mich. 493. Where the decree of divorce rests wholly upon the testimony in the case, the reviewing court ought not to reverse the determination of the trial court unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances. *Nicholas* v. *Nicholas*, 50 Mich. 162."

But the advantage possessed by the trial judge does not relieve this court from the duty of exercising its own judgment in passing upon the evidence. *Emery* v. *Emery*, 181 Mich. 146.

The statute (3 Comp. Laws 1929, § 12729 [Stat. Ann. § 25.87]) does not define extreme cruelty, and the determination thereof must be made from the facts and circumstances in each case. *Whitman* v. *Whitman*, 286 Mich. 458.

As stated by Mr. Justice Campbell in *Cooper* v. *Cooper*, 17 Mich. 205, at page 210 (97 Am. Dec. 182):

"The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable."

Recital of the testimony will be of little value to the profession. It has been considered and we conclude that plaintiff did not sustain the burden of proving extreme cruelty. He is not entitled to a decree of divorce.

The decree is vacated and one may be entered here dismissing plaintiff's bill of complaint, with costs to appellant.

SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.