### CENDECK *v.* CENDECK.

1. COURTS—JUDGMENTS.
    Courts speak only through their orders, judgments and decrees.

2. DIVORCE—CUSTODY OF CHILDREN—ORDERS.
    Letter from trial judge to plaintiff wife in divorce case in which certain requirements as to father's right to custody of minor son were mentioned may not be said to be an order of the court respecting such custody, hence refusal to comply is not a refusal to comply with an order of the court.

3. SAME—EXTREME CRUELTY—EVIDENCE.
    *De novo* review of testimony in suit for divorce on ground of extreme cruelty *held,* to require conclusion plaintiff wife was entitled to decree of divorce.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 14, 1943. (Docket No. 65, Calendar No. 42,361.) Decided May 18, 1943.

Bill by Lillian V. Cendeck against John R. Cendeck for a divorce on grounds of extreme cruelty. Cross bill by defendant against plaintiff for a divorce on grounds of extreme cruelty. Bill and cross

bill dismissed. Plaintiff appeals. Reversed, decree for plaintiff entered, and cause remanded.

*L. A. Vincent,* for plaintiff.

BUSHNELL, J. Plaintiff Lillian V. Cendeck was married to defendant John Cendeck on January 26, 1931, and the parties lived and cohabited together as husband and wife until about October 3, 1940. One child was born to the parties.

Plaintiff filed her bill of complaint for divorce on the grounds of extreme cruelty and nonsupport and sought custody of the minor child, together with a reasonable amount for his support and maintenance. Defendant filed an answer and cross bill and subsequently stipulated on the record that the same should be withdrawn.

Testimony was taken on June 23, 1941, regarding the custody of the child and the charge of extreme cruelty. The court stated, after taking this testimony, that a decree of divorce might be entered against defendant, that plaintiff should have custody of the minor child, and alimony of $5 per week was ordered. The record does not show that a decree of divorce was entered. On September 19, 1941, an order was entered reinstating the pleadings and plaintiff thereafter filed an amended bill of complaint. Following the reinstatement, a subsequent hearing was had on November 6, 1941. The court, after considering the testimony and briefs, filed an opinion on December 4, 1941, in which it is stated that plaintiff should have a decree of divorce, custody of the child, and $7 per week alimony.

On March 2, 1942, plaintiff submitted a proposed decree, and on March 9th a supplemental opinion was filed stating that the court was not satisfied

that either party was entitled to a decree notwithstanding the opinion dated December 4, 1941, and further testimony was thereupon ordered. Additional testimony was taken and, in an opinion filed May 6, 1942, the court said:

"I have come to the conclusion that the plaintiff is not entitled to any relief for which she has prayed. During the time that the case has pended, since the setting aside of the former decree, and the hearing on the date above set forth, it has been utterly impossible to get the plaintiff to comply with the order of the court or any request of the court or its officials.

"It would appear to the court that the real object of the court, in granting divorces where there are minor children, which become wards of the court, is for the purpose of aiding the parties in the management of their children and in getting funds with which to educate them and necessarily doing the things largely by construing the decree in the way in which it should be construed, and providing for the best attention that can be given concerning the minor children. During the time this cause has been before the court, the court has had nothing but utter defiance and belittlement by the plaintiff in the case and has had no cooperation whatever. True, the father is an admitted one-time bootlegger, but so far as the testimony in this case shows that he has been for a number of years and has been in recent years in a better class of business and in a business which was lawful and his character has not been successfully assailed by the plaintiff.

"It may be that these parties may never live together again but rather than grant a divorce to an utterly unworthy person, and one who has sought to defy the court at every turn, the court feels that the conclusion to which it has arrived and above referred to is the only proper conclusion to the case.

"A decree may, therefore, be entered denying all the relief prayed for by the plaintiff."

The record is barren of any testimony indicating that plaintiff refused to comply with the orders of the court, except a letter addressed to plaintiff and dated January 13, 1942, which was read into the record over her objection. This letter, signed by the trial judge, reads as follows:

"I have been absolutely annoyed at your disposition in trying to thwart me as judge in the visitation of your son, LaVern Cendeck, to his father. This much I am demanding of you and it is to this effect —that from now on until the further order of the court, you are to allow John Cendeck, the father of the child, to call for LaVern Friday evening and to return him each Sunday evening."

Both the plaintiff and the friend of the court gave a satisfactory explanation of the situation leading up to this letter. It cannot be said that the letter is an order of the court as courts speak only through their orders, judgments and decrees. *Boyle* v. *Berg,* 242 Mich. 225; *Michigamme Oil Co.* v. *Huron Valley Building & Savings Assn.,* 280 Mich. 12; and *Foltz* v. *Foltz,* 281 Mich. 179.

The record is replete with testimony in support of the charges of extreme cruelty consisting in part of physical violence, details of which are of no benefit to the profession or the parties. A review of the testimony *de novo* requires the conclusion that plaintiff is entitled to a decree of divorce. *Heaton* v. *Heaton,* 186 Mich. 37.

The decree will provide that plaintiff shall have custody of the minor child and that defendant shall pay the sum of $7 per week until further order of the trial judge. The decree will also provide that the cause be remanded to the trial judge in order

that control may be exercised over the questions of custody and alimony. It is so ordered, with costs to appellant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.