KOLBERG *v.* KOLBERG.

1. DIVORCE—UNRULY TEMPERS—WRANGLING.
   A divorce will not be granted merely because the parties, from unruly tempers or mutual wranglings, live unhappily together, it being required that misconduct warranting a legal separation be very serious.

2. SAME—SUFFICIENCY OF TESTIMONY.

   While there is no inflexible rule that prevents granting a divorce upon the testimony of the plaintiff alone, the right to relief in such event must be clearly established.

3. SAME—REVIEW BY SUPREME COURT—FINDINGS OF TRIAL JUDGE.

   On review of record in a divorce case, the Supreme Court is not disposed to disagree with the conclusions of the trial judge who saw and heard the witnesses and was able to measure their credibility and will not reverse the trial court's decision unless convinced it must have reached a different conclusion had it occupied the position of the lower court.

4. SAME—EXTREME CRUELTY—EVIDENCE.

   Decree dismissing wife's bill for divorce on ground of extreme cruelty and physical violence on ground of insufficiency of proof is affirmed.

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 6, 1945. (Docket No. 23, Calendar No. 43,034.) Decided June 29, 1945.

Bill by Mary M. Kolberg against Anthony D. Kolberg for divorce on ground of extreme cruelty. Bill dismissed. Plaintiff appeals. Affirmed.

*John A. Sunday* (*Herbert J. Pevos*, of counsel), for plaintiff.

*Payne & Payne* (*Everett D. Crowe*, of counsel), for defendant.

BUSHNELL, J. The parties hereto were married on February 12, 1938, and have three sons, the first being born on November 13, 1938, the second on May 10, 1940, and third on May 31, 1941. Plaintiff prior to her marriage had been working in her father's office, and continued to do so for a short time thereafter. Defendant, who had recently graduated in dentistry, had been in the employ of

another dentist, earning about $50 per week, and was still in debt for his college education. A few months after the marriage he opened his own dental office, and the parties lived in three back rooms of the floor on which the office was located.

About a year and a half later the defendant entered into a contract for building a new home into which the family moved, the former location being remodeled and the entire space thereafter used as a dental office. As a result of hard work and application to his profession, defendant's practice grew until he finally had in his employ three women assistants. Apparently this did not meet with the approval of plaintiff and she became jealous of defendant's application and attention to his office affairs and charged him with being more considerate of his assistants than of his wife. Some of the arguments became rather heated and, after a separation of the parties for a short time, a reconciliation was effected by the joint efforts of the parents.

On June 10, 1943, plaintiff filed a bill of complaint seeking a divorce on the grounds of extreme cruelty and physical violence. On the witness stand, despite defendant's denials, plaintiff insisted that on one occasion, at least, he struck her. Defendant's explanation is that plaintiff became so abusive that, in order to quiet her, he "pushed her on the bed." Considerable testimony was received pro and con regarding the marital troubles, all of which indicates that neither party made the necessary effort to compose their difficulties.

After attempting to effect a reconciliation between them the trial judge observed that, although the proofs might have been sufficient to sustain a decree of divorce if the case were not contested, he was convinced that the defendant was devoted to his

wife and sons, and could eventually effect a reconciliation provided the wife adopted the proper attitude. He stated that the proofs were insufficient to support a finding of extreme cruelty justifying the severance of the marriage relation.

A decree was entered dismissing plaintiff's bill of complaint, from which she has appealed, and she seeks a decree of divorce in this court.

We have examined the testimony *de novo* with the result that we agree with the conclusion reached by the trial judge. The three sons which have come to bless the union of the parties are entitled to have the family relations maintained, which, according to the father of each party, is within the realm of possibilities. We are impressed by the zeal and energy of the defendant, the difficulties he encountered in establishing himself, as well as the strain under which plaintiff maintained the home. There is, however, no reason why these two young people should not be able to compose their very insignificant and minor differences and find considerable happiness in life.

The law is clear in such instances. As stated in *Miller* v. *Miller,* 308 Mich. 600, 602:

" 'The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable. Our statutes do not confine such cruelty to mere physical violence, which is by no means the worst injury that can be inflicted on persons of re-

fined sensibility, but the grievance of whatever kind, must be of the most aggravated nature to justify a divorce.' *Cooper* v. *Cooper,* 17 Mich. 205 (97 Am. Dec. 182)."

The following statement in *Brookhouse* v. *Brookhouse,* 286 Mich. 151, 154, is applicable to the instant case:

"There is no inflexible rule that prevents granting a divorce upon the testimony of the complainant alone, although the right to relief in such event must be clearly established. *Murphy* v. *Murphy,* 150 Mich. 97; see, also, *Heaton* v. *Heaton,* 186 Mich. 37. The testimony was conflicting. The trial judge saw and heard the witnesses and was able to measure their credibility. On a review of the record we are not disposed to disagree with his conclusions. *Cummings* v. *Cummings,* 50 Mich. 305; *Donaldson* v. *Donaldson,* 134 Mich. 289; *Jackett* v. *Jackett,* 229 Mich. 266; *Weronka* v. *Weronka,* 283 Mich. 493. Where the decree of divorce rests wholly upon the testimony in the case, the reviewing court ought not to reverse the determination of the trial court unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances. *Nicholas* v. *Nicholas,* 50 Mich. 162."

This position was also taken in *Chubb* v. *Chubb,* 297 Mich. 501, 506, where the court said:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circum-

stances. *Brookhouse* v. *Brookhouse*, 286 Mich. 151; *Stratmann* v. *Stratmann*, 287 Mich. 94; *Westgate* v. *Westgate*, 291 Mich. 18.''

See, also, *Brewer* v. *Brewer*, 295 Mich. 370.

The decree dismissing plaintiff's bill of divorce is affirmed. No costs are allowed.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.