OSWALD *v.* OSWALD.

1. DIVORCE—APPEAL AND ERROR—QUESTIONS REVIEWABLE—DE NOVO REVIEW.

Where husband raises question as to whether or not record shows sufficient grounds for a decree of divorce granted wife, it will be considered on *de novo* review on his appeal.

2. SAME—PROFANE AND ABUSIVE LANGUAGE DURING QUARRELS OVER MONEY MATTERS.

Use of profane and abusive language toward each other during quarrels over money matters is not, standing alone, a sufficient ground for awarding a decree of divorce.

3. SAME—WHAT CONSTITUTES EXTREME CRUELTY.

A divorce may not be granted because of unruly tempers or mutual wranglings of the parties nor because they live unhappily together, as parties to a marriage must submit to the ordinary consequences of human infirmities and of unwise selections; the misconduct constituting extreme cruelty being such as is entirely subversive of the family relation and rendering it intolerable.

4. SAME—INTOLERANCE TOWARD CHILDREN.

Fact that defendant husband was intolerant and abusive toward plaintiff's son by previous marriage, who lived with the parties for a time and who was 22 years of age at time of hearing *held*, not ground for divorce.

5. SAME—DIVISION OF PROPERTY—QUESTIONS REVIEWABLE.

Whether or not property was equitably divided between parties to suit for divorce is not determined where proofs do not sufficiently establish grounds to entitle plaintiff to divorce.

6. SAME—COSTS.

No costs are allowed where decree of divorce for wife is ordered vacated and bill dismissed.

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 17 Am Jur, Divorce and Separation, § 59.
[3] 17 Am Jur, Divorce and Separation, § 56.

Appeal from Menominee; Jackson (Glenn W.), J. Submitted October 4, 1949. (Docket No. 2, Calendar No. 44,471.) Decided December 7, 1949. Rehearing denied January 9, 1950.

Bill by Florence J. Oswald against Louis Ludwig Oswald for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Michael J. Anuta,* for plaintiff.

*Doyle & Doyle,* for defendant.

BOYLES, J. In this divorce case the appellant has raised 2 questions.

1. Does the record show sufficient grounds for a decree of divorce granted to the plaintiff? The appellee insists that this question is not properly before the Court. However, it is raised by the appellant as a ground for reversal. We hear chancery cases *de novo.*

The parties were married in 1935 and separated in 1947. At the time of the hearing plaintiff was 47 years of age and the defendant was 66. Each had been previously married and each had a son, now grown up, by the previous marriage. No child was born of their union.

On direct examination the plaintiff was asked:

"*Q.* Now, in connection with your quarrels, was anything ever said about your being a tramp?"

She answered that he called her everything, a lot of obscene and profane names, both in Bohemian and English. Plaintiff's son by a former marriage also testified that he had been present when the defendant swore at his mother and called her names in English and Bohemian.

The defendant testified:

"*Q.* When you get in these quarrels with your wife, did she ever swear at you or use bad names?

"*A.* Certainly she did. Swore at me. Everything I could think of."

In the record the defendant does not deny having sworn at the plaintiff and called her bad names. On the other hand, the plaintiff did not deny that she swore at the defendant. The record merely establishes that during their frequent quarrels over money and property matters he called her bad names, and that they swore at each other. Aside from a futile attempt by plaintiff to show that the defendant failed to provide her with support and maintenance, and a showing that the defendant displayed a sullen disposition toward the plaintiff, the record is barren of any proof of any legal ground for divorce except said use of profane and abusive language which the parties indulged in toward each other during their quarrels over money matters.

"A divorce will not be granted merely because the parties, from unruly tempers or mutual wranglings, live unhappily together, it being required that misconduct warranting a legal separation be very serious." *Kolberg* v. *Kolberg* (syllabus), 312 Mich 42.

"There were arguments over money matters and mutual wranglings which, however, would not be ground for divorce." *Cooley* v. *Cooley,* 320 Mich 209.

"As stated by Mr. Justice Campbell in *Cooper* v. *Cooper,* 17 Mich 205, at page 210 (97 Am Dec 182):

" 'The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as

amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable.'" *Brewer* v. *Brewer*, 295 Mich 370.

While there was testimony to establish that the defendant was intolerant and abusive toward plaintiff's son who lived with them for a time and who was 22 years of age at the time of the hearing, this is not a ground for divorce. *Kennedy* v. *Kennedy*, 325 Mich 613.

2. The second question raised by the appellant, and also by the plaintiff on cross appeal, is that the court did not make an equitable disposition of the property of the parties. As to that, the record establishes beyond any question that this case is merely a contest over property matters. The entire proofs, the briefs filed by counsel, and their respective statements of the questions on which review is sought, mainly involve an accounting between the parties in a dispute over their property rights.

We find it unnecessary to pass upon the controversy between the parties toward obtaining an accounting of their property rights through the medium of a bill in chancery for a divorce. Plaintiff's proofs do not sufficiently establish grounds to entitle her to a decree of divorce. An order will be entered in this Court vacating the decree and dismissing the bill of complaint, without costs.

SHARPE, C. J., and BUSHNELL, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.