THOMPSON *v.* THOMPSON.

1. Divorce—Extreme Cruelty—Evidence—Corroboration.

Evidence of admitted and unjustified acts of physical violence by defendant husband *held*, to have clearly established plaintiff wife's right to divorce on ground of extreme cruelty, where proofs were taken in open court, even though her proofs were not corroborated.

2. Same—Contested Suit—Evidence.

A decree for divorce may be granted in a contested suit for divorce, solely on the testimony of one of the parties when taken in open court.

3. Same—Custody of Minor Children—Division of Property—Remand—Evidence.

Suit for divorce is ordered remanded to trial court for the taking of testimony relative to custody of minor children and division of property, where no such testimony had been taken in the trial court after the trial judge had announced his decision to deny both bill and cross bill for divorce and Supreme Court has reversed the decree and ordered decree of divorce entered for plaintiff wife.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 7, 1955. (Docket No. 54, Calendar No. 46,408.) Decided December 28, 1955.

Bill by Ruth I. Thompson against Harry V. Thompson for divorce, with cross bill by defendant.

References for Points in Headnotes

[1] 17 Am Jur, Divorce and Separation §§ 401, 403.
[1] Character and sufficiency of evidence required to corroborate testimony of plaintiff in divorce suit. 65 ALR 169.
[2] 17 Am Jur, Divorce and Separation § 384.
[2] Necessity of corroboration of admission or confession of ground of divorce or nullity. 40 ALR 630.
[3] 17 Am Jur, Divorce and Separation §§ 310, 673 *et seq.*

Decree dismissing bill and cross bill. Plaintiff appeals. Reversed, decree of divorce ordered entered and case remanded for proceedings in respect to division of property.

*David S. Levi,* for plaintiff.

BOYLES, J. Plaintiff appeals from a decree dismissing her bill of complaint for divorce. The only question here for decision is whether her testimony establishes grounds for divorce. Her bill of complaint charges the defendant with extreme cruelty, alleges that he had an ungovernable temper, unreasonable fits of jealousy, that he derided and insulted her in the presence of others, accused her of improper conduct, and had struck her. She claims particularly that on 3 different occasions he had struck and slapped her.

The defendant filed a cross bill which the court likewise dismissed. The defendant does not cross-appeal.

The case was heard in open court. The 2 parties were the only witnesses sworn. Each was represented by counsel. Their testimony is in the record. She testified, in part:

"I separated from my husband on March 28, 1952. I left him. We were living at 18073 Westphalia, the family home. I had been living there with my husband, the children, and my husband's mother.

"I left him because he struck me, on more than 1 occasion, on several occasions. The last time he struck me was in February, about 6 or 7 weeks before I left.     *     *     *

"That was the day that he was supposed to have had off, and he was called in to work unexpectedly, which he didn't like very well. It was for evening work until about midnight. I was asked in the meantime to go up to my church and help out on a dinner,

and I went. I notice in the morning a very cool indifference. I tried to patch that up, cover it up, not showing that I noticed it. * * * We both finished breakfast—and I went about doing my dishes and getting started on the day's work. Eventually he came over beside me expressing his displeasure. He started telling me how I was having a good time while he was away working, about me being a social butterfly and having a good time while he was away at work, which wasn't the case. Well, I was just so dumbfounded because I didn't think that was what was bothering him.

"*Q*. Did he do anything?

"*A*. There were a few words between both of us and he slapped my face.

"*Q*. Is that the only time your husband struck you?

"*A*. No; it happened several times.

"*Q*. Did you ever say or do anything to cause him to strike you?

"*A*. No.

"*Q*. Well, can you tell us another circumstance under which he struck you?"

She answered that on another occasion on their way home in their car from a dance, he claimed that some fellow with whom she had been dancing "didn't take his arm down soon enough," that "he made other accusations which I denied and with that he turned around and slapped me right across the face and left marks on my face." She testified further to 2 other occasions when he used physical violence against her:

"One time I will never forget. I was in the basement washing clothes. I can't recall what the discussion was but he picked up the alarm clock that was setting on the stairway there and threw it at me, just missing my head; but he wasn't satisfied. He came and grabbed a hold of my throat and held me there until I begged him to free me. * * * An-

other occasion. I was sitting at the table, at the dinette, mending or doing something that had to be done. It was time for him to leave and I hadn't packed his sandwich yet, so he came out there and said, 'Would you get my sandwich ready?' I guess I didn't jump quick enough or move fast enough. He pulled the chair right out from under me and dropped me right on the floor, on which I could have injured my back."

The defendant himself admitted:

"*Q*. Did you ever strike your wife?
"*A*. I slapped her.
"*Q*. On how many occasions?
"*A*. 3 times.
"*Q*. Could you enumerate those occasions? Place them in time?
"*A*. Oh, about February, 1952.
"*Q*. And what was that occasion?
"*A*. It was a discussion about the way she was dancing with some people, at the Campus Ballroom.
"*Q*. Where did the striking occur?
"*A*. We were parked at the curb; the argument waxed pretty tense and I slapped her."

There is no need to refer to other testimony in the record which suffices to establish extreme cruelty, in addition to the defendant's admitted and unjustified acts of physical violence. Plaintiff's right to a divorce has been clearly established.

The trial judge, in dismissing plaintiff's bill for divorce, referred to the fact that there was no other testimony to support that of either of the parties, they being the only witnesses to testify. Referring to the plaintiff's testimony and a necessity for corroborating proof, the court said:

"We cannot come to the question of disposition of the property, real or personal, of the parties to this litigation until we determine whether, on this record as now constituted, there is any supporting

proof offered by the plaintiff to support her contention in her bill of complaint, or supporting proof by the defendant and cross plaintiff to support his complaints against the plaintiff.

"It leaves the court in just this situation. Without this substantiating proof of the allegations by the plaintiff in her bill of complaint against the defendant and cross plaintiff—not being supported to the degree requiring that she make out her case against the defendant and cross plaintiff by a preponderance of the evidence—and the same situation applying to the defendant and cross plaintiff, he not having made out his case against the plaintiff and cross defendant by a preponderance of the evidence, the court, realizing that it must have this testimony presented, in support of either the bill or the cross bill, to support the contention of the party who desires to prevail, and the record being silent in this respect, it follows that both the bill and the cross bill be, and the same are, hereby dismissed without cost to either party."

We do not agree that this is sufficient reason for denying the plaintiff a divorce. A contested decree of divorce may be granted solely on the testimony of one of the parties when taken in open court. *Rosecrance* v. *Rosecrance,* 127 Mich 322; *Murphy* v. *Murphy,* 150 Mich 97; *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Gilchrist* v. *Gilchrist,* 333 Mich 275.

A decree granting the plaintiff an absolute divorce may be entered in this Court.

In her bill of complaint and in the proofs, the plaintiff shows that 4 of their 5 children are now over 17 years of age—the oldest is about 28, and the youngest was 11 years old January 28, 1955. Both parties, in their bill of complaint and cross bill, ask for custody of the minor children. No proofs were taken or conclusion announced by the court referring especially to custody. As to property matters, a report filed by the friend of the court,

based on testimony of the parties taken before him on a reference, lists the property of the parties as amounting to about $20,000, and recommends the division of the property. Insofar as the record here shows, no testimony as to property matters was taken before the court.

Under the circumstances, after the trial judge had announced his decision to dismiss both the bill of complaint and the cross bill, there was no occasion then for the court to decide questions of custody or property matters. Consequently, the decree entered here will provide for remand to the trial court to take testimony, if necessary, and enter a supplemental decree for custody and property settlement.

Reversed and remanded. Costs to appellant.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.